CHARLES LEERIGHT *et al.*, Respondents, v. MINNIE
AHRENS, Appellant.

St. Louis Court of Appeals, December 18, 1894.

**Negligence:** INFERENCE OF CAUSE OF INJURY: SUFFICIENCY OF EVI-
DENCE. In the absence of positive proof as to the occurrence of an
accident, causing death, the jury may infer the method of its hap-
pening from the physical facts, and may ascribe it to the theory sued
upon, if that be consistent with the facts proven; nor will it matter
that the evidence would also warrant other inferences which are not
consistent with that theory.

*Appeal from the St. Louis City Circuit Court.*—HON.
LEROY B. VALLIANT, Judge.

AFFIRMED.

*H. A. Haeussler* and *Broadhead & Hezel* for
appellant.

*John J. O'Connor* for respondent.

BOND, J.—This action is by parents for dam-
ages caused by the drowning of their child, aged ten
years, in a cistern on defendant's lot, which, it is
alleged, was left in an unsafe condition and on a place
unguarded and attractive to children for play. It is
further alleged that defendant knew, or by ordinary
care could have known, these facts. The answer was
a general denial.

The uncontroverted evidence shows that defend-
ant owned, and personally managed and controlled, a
lot of ground on the north side of Papin street, west
of Twenty-second street, about one hundred feet wide

and running back to an alley, whereon several houses were situated, occupied by tenants, whose children and those of the neighbors used the yard and spaces between the houses as a common play-ground; that there was no fence around the lot; that a cistern filled with water, foul and black and of a bad smell, was under the stairs leading from an exposed passage to a porch on the second story of one of the tenements in the alley part of the lot; that the cistern box was not as wide as the stairs, and was about three feet from the foot thereof; that the cistern was dangerous and the box surrounding it decayed and insecure, having for many years been exposed to rain and weather without repair; that the yard and passage-ways on the lot all ran together and were an attractive place for children to play; that a child like the deceased could, by leaning against the box or sitting on it, fall into the cistern; that it was about knee high and had been uncovered for a year, and might be mistaken by a person crossing the passage where it was for an ordinary box; that the child of plaintiff was seen playing a game of hide and seek near the cistern with other children at 9 o'clock the night he was drowned; that the following morning his body was taken from the cistern; that at this time one of the boards at the top of the box was found leaning into the cistern; that defendant had been spoken to about this cistern box; that she replied she did not think it necessary to bother about fixing it—that she did not consider it dangerous; and that she had repeatedly seen the children playing on said grounds, and personally collected the rents from the tenants.

There was a verdict and judgment for plaintiffs for $250, from which this appeal is taken.

Appellant insists that there is no evidence to sustain the verdict of the jury, and in support of this

contention calls attention to the fact that there is no
testimony in the record showing that the deceased
child either leaned or sat on the cistern box, as charged
in the petition, and thereby fell into the cistern. The
record shows that the happening of the accident was
not witnessed by anyone; hence there could be no
direct or positive testimony as to the actual manner of
its occurrence. It does not follow, however, that there
is no rational basis for an inference as to the manner in
which the child got into the cistern. There is positive
evidence that the box around the cistern was of a
character that a child like the deceased, by leaning
against it or sitting on it, would fall into the cistern,
and that the child was playing near it at a late hour
of the night. There is also evidence that the body of
this child was taken from the cistern on the following
morning, at which time the top plank of the box was
found leaning into the cistern, as if it might have been
detached or dragged by one falling. From this testi-
mony and these physical facts the jury might have
legitimately inferred that the accident happened as
described in plaintiff's petition. That they might also
have drawn other and different inferences from the
same testimony is immaterial. The rule is that an
objection that there is no evidence to support a finding
is not well taken, if it appears there is evidence from
which the facts necessary to be shown might have been
inferred by the jury, even though such facts would
afford the basis of other diverse inferences. In such
cases it is conclusively presumed that the jury drew
*that inference* which would support their finding.
*Buesching v. St. Louis Gaslight Company*, 73 Mo.
219; *Soeder v. Railroad*, 100 Mo. 673. In the cases
*supra* it is distinctly held that, in the absence of posi-
tive proof as to the occurrence of an accident causing
death, the jury may infer the method of its happening

from the physical facts and ascribe it to a theory sued on, if consistent with the facts proven. That the deceased leaned against or sat on the cistern box is not only consistent with the observed facts as to his death, but is the most reasonable explanation which could be given of the accident under all the circumstances shown in this record.

There is nothing in the decision cited by appellant (*Porter v. Brewing Ass'n*, 24 Mo. App. 1) which is opposed to the conclusions herein affirmed. In that case the judgment was reversed and the cause remanded, on the ground that the testimony furnished no evidence of the fact essential to be proven, that the defendant's servants had reasonable cause to apprehend a probable danger resulting from the condition in which they left the furnace prior to the accident, and, as the furnace was not a nuisance in itself, the defendant could not be held liable to a trespassing child. The distinction between that case and this case is that, in this, the probable danger to playing children is clearly shown, as well as knowledge of that fact on defendant's part, and that all the testimony concedes that the cistern was a nuisance, being situated adjoining a passage-way and guarded only by a rotten covering.

As there is no complaint as to the instructions, except upon the theory of a lack of evidence to support them, and no other exceptions were saved, there is nothing further for review, and the judgment in this case for the reasons above given will be affirmed. Judge ROMBAUER concurs. Judge BIGGS is absent.