*Margin note: CUSTOM: evidence: competency: negligence.*

---

NATIONAL BREWERY COMPANY, Respondent, v. ROBERT A. LINSDAY *et al.*, Appellants.

St. Louis Court of Appeals, December 21, 1897.

| 72 | 591 |
| f79 | 163 |
| 72 | 591 |
| 91 | 504 |
| 72 | 591 |
| 92 | 335 |

1. **Replevin**: CHATTEL MORTGAGE: PRIMA FACIE CASE. In an action of replevin for the recovery of property, claimed by plaintiff under a chattel mortgage, where the note and mortgage were proved in such a way as not to admit of dispute, and the trial judge evidently so found, a *prima facie* case was established for plaintiff.

2. ———: ———: FRAUD: EVIDENCE; PRESUMPTION. In such action, where there was no substantial evidence to impeach the consideration of the note, or to prove that the mortgage was given for the purpose of hindering or defrauding the creditors of the mortgagor, the presumption was that it was given in good faith, and the court properly directed a verdict for plaintiff.

*Appeal from the St. Louis City Circuit Court.*—HON. PEMBROOK R. FLITCRAFT, Judge:

AFFIRMED.

*Edmond A. B. Garesche* for appellant.

Under the issues in this case, the burden of proof was on plaintiff to show, by a preponderance of the evidence, that it was entitled to the possession of the property in controversy, which was a question solely for the jury. *Schroeder v. R. R.*, 108 Mo. 322; *Wolff v. Campbell*, 110 *Id*. 114; *Church v. R. R.*, 119 *Id*. 222.

Anything out of the usual course of business is a sign of fraud, and moreover, what is out of the ordinary course in the mode, manner and time of payment, of the alleged consideration, is a mark of fraud. Bump. on Fraud. Con. [14 Ed.], secs. 63, 64; *Id*., sec. 54. See, also, as to question of retention of possession by the mortgagee for an unreasonable length of time after default, *Id*., sec. 145; *Bank v. Willis*, 5 Ala. 770.

*Rombauer & Rombauer* for respondent.

A peremptory instruction may be given for plaintiff. *Bank v. Hainline*, 67 Mo. App. 488; *Wolff v. Campbell*, 110 Mo. 520; *Bless v. Jenkins*, 129 *Id*. 647; *Orleans v. Platt*, 97 U. S. 676; *Montclair v. Dana*, 107 *Id*. 162; *Barton v. Sitlington*, 128 Mo. 164.

When the evidence is of such character that the trial judge would have a plain duty to perform in set-

ting aside the verdict, as unsupported by the evidence, it is his prerogative and duty to interfere before submission. *Reichenbach v. Ellerbe,* 115 Mo. 588. See, also, *Gerrans v. Mfg. Co.,* 51 Mo. App. 615.

BIGGS, J.—This is an action of replevin. The plaintiff claimed the property under a chattel mortgage executed by one Berra. The defendant Lindsay, as constable, claimed a special interest in the property and the right to its possession by virtue of a levy made by him under an execution against Berra and in favor of one Borgietto. At the conclusion of the evidence the court instructed the jury to return a verdict for plaintiff, which was done, and judgment was entered thereon. The defendant has appealed and complains of the instruction.

The levy was made by Lindsay on the eleventh day of April, 1895. The mortgage of plaintiff was dated, executed, and delivered on the sixteenth day of February, 1895, and was acknowledged and filed for record in the proper office on the seventh day of March following. The mortgage was given to secure the payment of a negotiable note of even date for $150. The note was executed by Berra and was made payable to plaintiff, and by its terms became due one day after its date. It was recited in the mortgage that the note was given for the purchase money of the property therein conveyed. The execution and delivery of the note and mortgage were not admitted, but both facts were established by undisputed testimony. No objection was interposed as to the form of the mortgage, and it was conceded that the property described in the mortgage was the same as that in controversy.

Did the note and mortgage make a *prima facie* case, is the first question. As the execution and

delivery of those instruments were denied, the burden of proof was on the plaintiff to prove both facts. There is some confusion in the decisions as to when or under what circumstances the party sustaining the burden of proof is entitled to an instruction for judgment, and by what rule an appellate court should be guided in reviewing the question. The general rule is that such an instruction ought not to be given, unless the other party admits all constitutive facts, or such facts have been established by documentary evidence which he is estopped to deny. The evidence, however, may be of such a character in a given case as to take it out of the general rule. This exception is thoroughly discussed by Judge ELLISON, of the Kansas City court of appeals, in the case of *Bank v. Hainline*, 67 Mo. App. 483.

*REPLEVIN: chattel mortgage: prima facie case.*

He reviews the case and states the conclusion of the court as follows: "When a case is made out for a plaintiff on a legal cause of action, by legal evidence, which, *in the opinion of the trial court*, is undisputed by fact or circumstance, and which is *reasonable in its import, according to the human understanding, as applied to the ordinary affairs of life*, he is entitled to have the verdict of the jury. The jury can not be allowed to arbitrarily confiscate the property of a citizen." * * * "I believe the true rule—the only rule founded on reason—is, as we have herein stated, that if there is, in the opinion of the trial court, nothing to contradict the evidence offered to support a party's cause, such party is entitled to a peremptory instruction. In such case a verdict for the other party would be *utterly useless*, since it could not stand. *The point of distinction lies in the observance of the action of the trial court.* If, in a cause where the evidence, so far as can be made to appear by a record, is uncontradicted and unquestioned, the trial court nevertheless

refuses a peremptory instruction, it will be assumed that that court saw something in the manner or conduct of the witnesses to impair the force of their testimony and to make, in some degree, an uncertainty as to their statements, and in such case the appellate tribunal will not interfere. But if the apparently unquestioned and undisputed evidence is followed by a peremptory instruction from the court, it should be assumed in favor of the court's action that there was nothing either in fact, circumstance, manner or conduct to impair the force of the testimony, and again the trial court's action should not be interfered with." We think that the foregoing statement of the law is both reasonable and safe. In the case at bar, the only evidence as to the execution and delivery of the note and mortgage was that of the notary who took the acknowledgment of Berra to the mortgage, and the further fact that the plaintiff had possession of both instruments. The notary testified that Berra executed both instruments in his presence and delivered them to plaintiff on the day of their date. There was no attempt made to controvert the testimony of this witness, and there is no fact or circumstance to cast a suspicion upon the accuracy of his statement. We must conclude and hold that the execution and delivery of the note and mortgage were proved in such a way as not to admit of dispute, since the judge who tried the case was evidently of the same mind. Thus the note and mortgage made a *prima facie* case for plaintiff, for the note imports a consideration, and the presumption is that the mortgage was given in good faith.

The next question is, was there substantial evidence to impeach the consideration of the note, or to prove that the mortgage was given for the FRAUD: evidence: purpose of hindering or defrauding the presumption. other creditors of Berra? The defendant

introduced no evidence except the execution under which he made the levy. Mr. Blume was introduced as a witness by plaintiff. He is in the employ of the plaintiff, and is also a notary public. He wrote the mortgage and took the acknowledgment of Berra. He testified that on the day the note and mortgage were given, Berra applied to plaintiff for a loan of $150 to be used in paying the balance of purchase money due on the mortgaged goods; that under the direction of plaintiff's secretary he (Blume) gave Berra the money; that the note and mortgage were executed and delivered on that day, but Berra did not acknowledge the mortgage until March 7. The witness testified on cross-examination that after the institution of the replevin suit the plaintiff foreclosed the mortgage and purchased the property at the sale; that the property, which consisted of fixtures for a saloon, was then sold by plaintiff to Berra's wife; that she thereafter conducted the saloon in her own name, and that subsequently she paid the plaintiff for the property out of the profits of the business. This was all the evidence in the case.

The testimony of Blume does not tend to disprove the *prima facie* case as to the consideration of the note. He states that he gave Berra the money. To construe his evidence according to plaintiff's claim, we must hold that his statement that Berra got the money is some evidence that he did not get it. It is obvious that we can not do this.

In determining the good faith of the parties to the mortgage, the recital in it that the note was given for the purchase money of the mortgaged property ought not, under the circumstances, to have any weight. The recital was only technically inaccurate. The money was in fact loaned to Berra to finish paying for the property. Neither does the fact that the mortgage was held from February 16 to March 7 before it was

National Brewery Co. v. Lindsay.

acknowledged and recorded, have any tendency to show that the conveyance was fraudulently contrived. The plaintiff was under no legal obligation to Borgietto to have the mortgage recorded. It does not appear that Borgietto was in any manner prejudiced by the delay. The action of the plaintiff in selling the property to Berra's wife presents a more difficult question. A consideration of that fact alone might authorize the inference that the mortgage was originally given to hinder or defraud the other creditors of Berra; but when considered in connection with other facts, the incident is not significant. The plaintiff manufactures and sells beer. It is not engaged in the retail trade. Berra was its tenant and customer. After the foreclosure it was to the interest of the plaintiff to keep the room occupied and to have someone as a tenant who would buy beer from it. To accomplish this it was reasonable for plaintiff to assist Berra's wife in starting the business. In this way the plaintiff secured a tenant and another customer. It is also insisted that the giving of the one day note and securing it by mortgage is out of the usual course of business, and that therefore the transaction itself furnishes some proof of its alleged fraudulent character. This argument would have some force if it had been the object of plaintiff in making the loan to put its money at interest. But all the facts negative this. The purpose of plaintiff in aiding Berra was to enable him to open and conduct the saloon, and in this way he could be made a customer of plaintiff. Besides, the security taken was precarious and would not justify a loan for any definite period of time. Our conclusion is that the judgment of the circuit court ought to be affirmed. It is so ordered. All concur.