LEO HADLEY, Respondent, v. LEOPOLD ORCHARD, Appellant.

St. Louis Court of Appeals, November 29, 1898.

1. **Bailment**: BURDEN OF PROOF: PREPONDERANCE OF EVIDENCE: BURGLARY AND LARCENY.   Where the bailment and the nondelivery of the thing bailed to the bailor on demand are confessed; this with proof of damages makes out the plaintiff's case; and when the defendant seeks to excuse himself for nondelivery by attempting to prove a burglary and larceny of his store and the theft of the goods, the burden is on the defendant to prove his allegations by a preponderance of evidence.

2. ———: ———: ———: INSTRUCTIONS.   The instructions in the case at bar placed the burden of proof where it rightfully belonged, on the defendant.

3. **Evidence**: PRACTICE, TRIAL: JURY: WITNESS.   If there is any evidence tending to support an action or defense, it should go to the jury; a jury is never bound to believe a witness.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

FROST, HAUGHTON & BROWNRIGG for respondent.

The instruction given by the court of its own motion through which it presented the law to the jury properly.   American Brewing Ass'n v. Talbot, 141 Mo. 674 and 681; Stanard Milling Co. v. Transit Co., 122 Mo. 275, 258; Wiser v. Chesly, 53 Mo. 547, 550; Taussig v. Shields, 26 Mo. App. 318, 327; McCarthy v. Wolfe, 40 Mo. 520, 522; Arnot v. Branconier, 14 Mo. App. 437.   If the court committed an error in giving

this instruction, it will necessarily follow that it committed no error in refusing the instructions asked for by plaintiff. Where the sufficiency of the evidence is called in question by appellant it is his duty, under rule 15 of this court, to have it set out in his abstract in *haec verba*. McNichols v. McNichols, 39 Mo. App. 293.

H. A. Loevy for appellant.

The court erred in giving instruction number 1 (own motion) and refusing appellant's instruction numbers 2 and 5. The former (par. 2) erroneously put the burden of proving that the clothing was stolen on appellant, the latter correctly put it in appellee. Judge Valliant instructed that "The burden of proving that the store was entered and the clothes stolen is on the defendant." He committed the same error in the Talbot case and was reversed. American Brewing Ass'n v. Talbot, 141 Mo. 681. This court has reversed for the same error in an agistment case. Bayl v. Keilich, 1 Mo. App. 174. In this class of cases the bailor makes a *prima facie* case by showing delivery, demand and refusal. This is unquestioned. The bailee then shows his excuse for nondelivery in this case by burglary and theft. "The proper mode of procedure under a petition only alleging demand and refusal is to make proof thereof. Defendant will then show the loss of the property as his excuse for nondelivery. It will devolve upon plaintiff to show that such loss occurred through his negligence." Winston v. Taylor, 28 Mo. 82; Goodfellow v. Meegan, 32 Mo. 280; Cummings v. Mastin, 43 Mo. App. 560; 2 Am. and Eng. Ency. Law, 59; Story, Bailments, secs. 273, 410. "Where the goods are lost it is incumbent upon the bailee to account for his failure to restore them by showing a

loss * * * by theft. * * * This being done, the burden of proving a want of due care rests with the bailor, and he can not recover unless the facts and circumstances in evidence show a want of due care on the part of the bailee." Edwards, Bailments, sec. 286; 3 Wait, Act. and Def., 620. The burden is always on the bailor to prove negligence. Your honors have so decided recently. The burden of proof of bailee's negligence always remains with the bailor. The instruction in effect tells the jury that the burden was upon the defendant to show that he was not guilty, for which we believe there is no warrant in any well considered case. Casey v. Donovan, 65 Mo. App. 527; also in Bayl v. Kreilich, 1 Mo. App. 174. Further: Instruction number 1 declares flatly that unless the jury found there was a burglary appellant was liable. This is erroneous. He is not liable, even if there was a burglary, unless he had failed to use ordinary care and diligence for the safe keeping of the suit. 2 Am. and Eng. Ency. Law, 52; Story [9 Ed.], secs. 68 to 72, inclusive. The court erred in refusing appellant's instructions numbers 2, 4 and 5, that appellee was required to show appellant did not exercise ordinary diligence in taking care of the suit. His legal duty as bailee was to exercise ordinary care, no more, as he was not an insurer. 2 Am. and Eng. Ency. Law, 54; Story, Bailments, secs. 398, 429; Schouler, Bailments, sec. 101; Ducker v. Barnett, 5 Mo. 66; Casey v. Donovan, 65 Mo. App. 526, 528. "A watchmaker who receives a watch to repair for hire, is bound to use ordinary diligence for the safe keeping of the watch. Ordinary diligence is that degree of care in the preservation of a thing which a prudent father of a family would use for the safe keeping of it if it was his own. Story, Bailments, par. 429, 398; Halyard v. Dechelman, 29 Mo. 460; Root v. Sleeping Car Co., 28 Mo. App. 206, 207.

"A depository for hire is bound for the exercise of ordinary diligence or that care which prudent persons usually take of their own property. He is not an insurer of the goods; he is not liable for losses or injuries where he uses all the care and diligence in relation to the property which prudent men exercise in relation to their own. Using due diligence, he is not responsible for goods stolen or embezzled by his servants." Edwards, Bailments, sec. 333; 3 Wait, Acts and Def., 615, 619. Prudent men lock doors and windows; no more is required. The court erred in not giving instruction number 3 (demurrer to evidence at close of whole case). Appellant fully complied with the duty imposed on him by carefully locking all the doors and windows. He was not obliged to furnish steel clad vaults or safe deposit locks or keep a private watchman on the premises to keep guard appellee's $15 second hand suit. He locked doors and windows, taking the same reasonable precautions other prudent persons adopt, and that is sufficient. The duty imposed (upon bailee) does not require the use of every possible precaution to avoid injury to individuals, nor of any particular means which it may appear, after the accident, would have avoided it. The requirement is only to use such reasonable precautions to prevent accidents as would have been adopted by prudent persons prior to the accident. Brewing Ass'n v. Talbot, 141 Mo. 684. Judge Valliant committed the same error in that Talbot case, 141 Mo. 474, 680, 681, and was reversed, as he should be in this. "The proper mode of procedure under a petition only alleging demand and refusal is to make proof thereof. Defendant will then show loss as his excuse for nondelivery. It will devolve upon plaintiff to show that such loss occurred through his negligence. Winston v. Taylor, 28 Mo. 82; Goodfellow v. Meegan, 32

Mo. 280; Cummings v. Mastin, 43 Mo. App. 560; 2 Am. and Eng. Ency. Law, 59; Story, Bailments, secs. 273, 410. "Where the goods are lost it is incumbent upon bailee to account for his failure to restore them by showing a loss by   *   *   *   theft.   *   *   * This being done, the burden of proving want of due care rests with the bailor, and he can not recover unless the facts and circumstances in evidence show a want of due care on the part of the bailee." Edwards, Bailments, sec. 286; 3 Wait, Acts and Def., 620.

BLAND, P. J.—About October 1, 1893, plaintiff delivered to the defendant, a tailor in the city of St. Louis, a suit of clothes to be cleaned and pressed, for which service plaintiff agreed to pay defendant $1.50; plaintiff called for the suit on two occasions thereafter and demanded it; defendant did not deliver, for the reason he said his place of business had been burglarized and the suit stolen; plaintiff brought suit alleging the bailment, demand of the clothes, failure of delivery and their value. As an excuse for nondelivery and nonliability, the defendant set up that his place of business was burglarized and that the suit of clothes had been taken and carried away by a thief. The issues were tried by a jury, who found for the plaintiff; after an unavailing motion for a new trial the defendant appealed.

Defendant assigns as error the giving of improper and the refusing of proper instructions. The instruc-

INSTRUCTION. tions given of which complaint is made is as follows: "Under the evidence in this case it will be your duty to find for the plaintiff unless you believe from the evidence that while the plaintiff's clothes were in the defendant's store the store was entered by a thief in the night—or between the time

it was closed for the night and the time it opened in the morning and the clothes stolen therefrom. And if you find that the store was so entered and the clothes stolen therefrom, you should find for the defendant. The burden of proving that the store was so entered and the clothes stolen is on defendant and unless those facts are proven by a preponderance of the evidence to your satisfaction your verdict should be for the plaintiff."

The testimony offered by defendant tended to prove that his place of business was carefully closed on the night of October 5, 1893, the doors being locked and the windows made secure by bolts and locks, that notwithstanding this during the night a burglar had climbed up the wall on outside to window, seven or eight feet above the ground, cut a hole in a wire screen protecting the window, unbolted the window sash, opened it, and through the openings thus made entered his store and stole a lot of clothing, including the suit of respondent; defendant further testified that when he entered the store in the morning after the burglary, the doors were all locked and the windows all secure, except the one through which the burglar must have entered; he also testified that a part of the goods stolen were found by a police officer in a pawnshop on Morgan street; that he went to the pawnshop with the officer and there identified and recovered some of the clothing that had been stolen. Respondent proved, by two or three police officers, who examined defendant's premises the morning after the burglary, that, in their opinion, no one had entered through the open window, giving as a reason for this opinion that one fourth of an inch of dust on the sill of the window had not been disturbed. The plaintiff offered no evidence of the want of the exercise of due care by the defendant in

the preservation of his clothes. His contention at the trial and here is, that there was no burglary; no larceny of his clothes from defendant's shop; he did not allege in his petition that defendant had failed to exercise due care; he offered no direct evidence to prove the want of care on the part of the defendant, hence this issue was not before the jury. The bailment and non-delivery of the thing bailed to the bailor on demand were confessed; this with proof of damages made out plaintiff's case. To excuse himself for nondelivery the defendant sought to prove a burglary and BAILMENT: burden of proof. larceny of his store and the theft of the goods. Plaintiff denied the burglary and larceny. The defendant having the affirmative of this issue the burden was on him to prove it by a preponderance of the evidence. American Brewing Co. v. Talbot, 141 Mo. 674; Stanard Milling Co. v. Transit Co., 122 Mo. loc. cit. 275; Taussig v. Schields, 26 Mo. App. 318. The instruction given by the court put this issue squarely to the jury, and placed the burden of proof where it rightfully belonged, on the appellant. The instructions asked by the defendant, except one, were on the theory that the burden, in this kind of a case, is on the plaintiff to show that the thing bailed was lost through the negligence of the defendant. Such is not the case, except where the plaintiff assumes this burden by alleging in his petition that the property was lost, and that the loss was occasioned by the negligence of the bailee. Stanard Mill. Co. v. Trans. Co., 122 Mo. 273. If he, plaintiff, alleges the manner or cause of the loss in his petition, of course he will be held to prove what he has elected to state as his cause of action. The plaintiff, as appears by his complaint, did not assume this burden; nor did he accept the defendant's challenge to introduce evidence to

prove negligence, but rested on the falsity of the alleged burglary and theft. The instructions asked by the defendant were on a theory different from the one on which the case was tried, and were rightfully refused. Defendant asked an instruction directing the jury to find for defendant; of the refusal of this he complains. If there is any evidence tending to support an action or defense, it should go to the jury; a jury is never bound to believe a witness. Lee v. Knapp & Co., 137 Mo. 385; Twohey v. Fruin, 96 Mo. 104; George v. Railway, 40 Mo. App. 433. While it seems to us that the evidence largely preponderates in favor of the defense set up, yet we are not prepared to say that there was not some evidence from which the jury might reasonably infer that the goods were not stolen from defendant's store; in such circumstances it was proper to submit the question of larceny or no larceny to the jury. Lee v. Knapp & Co. and other cases, supra; Donohue v. Railway, 91 Mo. 357; O'Hare v. Railway, 95 Mo. 662; Herriman v. Railway, 27 Mo. App. 435.

Discovering no reversible error in the record, we affirm the judgment. All concur.