ALBERT E. KATTELMANN, Respondent, v. FIRE
ASSOCIATION OF PHILADELPHIA, Appellant.

Kansas City Court of Appeals, April 3, 1899.

1. **Insurance**: LIGHTNING: SUFFICIENCY OF EVIDENCE: JURY QUESTION.
On a trial for a loss under a policy of insurance against lightning, the
evidence is reviewed and held sufficient to submit to the jury the
question whether lightning was the agency that caused the loss,
applying the rule that if there is evidence from which facts necessary
to be shown might have been inferred by the jury, even though such
facts would afford the basis of diverse inferences, the question is for
the jury.

2. ———: ———: PLEADING: INSTRUCTION. A petition on a policy of
lightning insurance alleged that the building was struck by lightning,
etc.; and an instruction permitting the jury to find for the plaintiff,
though the building was not struck by lightning but was damaged by
the concussion of the ground caused by lightning, is held erroneous
since it departs from the petition and the policy provided indemnity
only for direct loss caused by lightning.

3. ———: ———: INSTRUCTION: SHOCK. In a trial to recover on a
policy of lightning insurance, an instruction telling the jury that if
the walls, etc., were struck and damaged, etc., and that the same
was the direct cause of an electric shock or stroke, etc., is held
proper.

4. ———: ———: DAMAGES: INSTRUCTIONS. Instructions relating to
the measure of damages in case of loss by lightning are held conflict-
ing and otherwise faulty.

5. ———: ———: INSTRUCTION: VALUED POLICY: BURDEN OF PROOF.
A lightning insurance policy provided the defendant should not be
liable beyond the cash value of the property at the time of the loss.
Held, the "valued policy" statute has no application to an insurance
against lightning but applies only to loss by fire; and the burden of
proof is on the plaintiff to show the value of the property destroyed
by lightning.

6. ———: ———: ADDED STIPULATION: PLEADING. A policy of light-
ning insurance may, subsequent to its delivery, have added thereto a
modification confining the recovery to three fourths of the actual
cash value if it is based on a sufficient consideration; and if a re-
covery or defense is based upon such added stipulation it should be
pleaded in the petition or the answer.

Kattelmann v. Fire Ass'n.

7. ———: ———: EVIDENCE: MODIFICATION OF POLICY. In this case it appears from the record that the policy of insurance was introduced in evidence but it is not sufficiently clear that the modification thereof was likewise introduced, though the record states that a slip containing such modification was attached to the policy.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED AND REMANDED.

W. M. WILLIAMS for appellant.

(1)   The court committed manifest error in refusing the demurrer to the evidence asked by defendant. There was no substantial evidence tending to prove that plaintiff's building was struck by lightning, as alleged in his petition. It was not sufficient to authorize a verdict in his favor, that it might be conjectured, that perhaps, lightning may have been the cause of the injury. "A finding based upon mere conjecture will be vacated as being wholly unsupported by evidence." Ascher v. Schaeper, 25 Mo. App. 1; Glick v. Railway, 57 Mo. App. 97; McCarthy v. Fagin, 42 Mo. App. 619. "There is a wide difference between logical inference and bare conjecture." Gerrans v. Mfg. Co., 51 Mo. App. 618. (2)   Plaintiff's testimony simply showed a coincidence in time between the storm and the settling down and cracking of the walls of his building. This is insufficient to justify the conclusion that the damage was the direct result of lightning. The usual marks of a stroke of lightning were not found anywhere upon the building.   It would be mere guesswork to say that lightning caused the damage to the building. Beakes v. Ins. Co., 26 L. R. A. 267, and note; Spensely v. Ins. Co., 54 Wis. 433.   (3)   Plaintiff's first instruction is erroneous. It declares that if the "shock" caused by the electric discharge injured the building then plaintiff is entitled to recover.   The fourth also refers to an electric shock and the injury to the walls being the cause of the "shock." The

policy only covered loss by the direct effect by lightning as commonly understood. Plaintiff also alleged in his petition that the "building was struck by lightning and the walls thereof shattered," and he must be held to recover upon the cause of action alleged therein. Rutledge v. Railway, 110 Mo. 312; Hite v. Railway, 130 Mo. 132. (4) Plaintiff's construction of the policy, as stated in his petition, corresponds with the instruction given for defendant. Conflicting instructions constitute reversible error. The court can not tell by which the jury was governed. Frank v. Railway, 57 Mo. App. 181. (5) Plaintiff's first, fourth and sixth instructions do not state the correct measure of damages under the policy in this case. They require the jury to allow plaintiff, if they should find for him, the full amount of damage sustained, not exceeding $2,000. Under the first and fourth instructions the jury was authorized to award plaintiff $2,000, if they should find that the total damages amounted to that sum, even though they might find that the entire damage was to the building, which was only insured to the amount of $1,800. (6) Plaintiff evidently proceeded upon the ground that the "valued policy" statute is applicable. Said statute refers only to insurance against loss or damage by fire. 2 R. S. 1889, sec. 5897; Babcock v. Ins. Co., 4 N. Y. 326. Plaintiff, if entitled to a verdict at all, is only entitled to recover the actual damages to his house, not exceeding three-fourths of the value of said house at the time of the loss, and not in excess of the amount of the policy. Blinn v. Ins. Co., 85 Me. 389; Brown v. Ins. Co., 105 Mass. 396; 2 Beach on Ins., 1290; Singleton v. Ins. Co., 45 Mo. 250.

SMITH, P. J.—This is a suit on a lightning insurance policy.

By the terms of the policy the defendant contracted to insure plaintiff against any "direct loss or damage caused by

lightning to an amount not exceeding eighteen hundred dollars, on his two story brick, gravel roof building occupied as a store and dwelling house, and to an amount not exceeding two hundred dollars on the shelving, counters and furniture in said building." There was a trial to a jury. At the conclusion of all the evidence the defendant unsuccessfully interposed a demurrer thereto. The first question which we are required to decide is whether or not, under the evidence, the plaintiff was entitled to a submission of the case to the jury; or, stated in another way, whether or not there was any evidence tending to prove that lightning was the agency that caused the damage to the plaintiff's building, and his trade fixtures therein?

The undisputed evidence showed that the plaintiff's building had been erected only a few months before it was damaged; that the footings of the foundation of the walls of the building were two feet thick; that the second course of brick in the foundation walls was narrowed three inches and each successive course was likewise so narrowed until it reached the height of two and a half feet where it was thirteen inches thick, and from there this thickness was maintained to the top. Prior to the time of the damage to the building there were no known cracks or other defects in any of its walls; that about 3 o'clock on May 16, 1896, and just before the plaintiff's building was damaged, a heavy storm cloud was observed to be approaching from the southwest, and shortly thereafter everything became enveloped in utter darkness; next was seen two vivid flashes of lightning quickly followed by thunder and rain; that the flashes of lightning were instantaneously succeeded by the breaking and falling of the plastering from the ceilings in the rooms of the second story, and the leaking of the roof; that a carpenter who was then engaged in hanging a screen door to the east entrance of the building was "stunned" and rendered almost insensible by the concussion

STATEMENT.

occasioned by the discharge of the lightning; that the west door of the building, it was found, would not open or close without lifting, though it had previously swung easily both ways; that the south wall of the building was found to be cracked and shoved in, and the brick in the footings of the foundation walls, which were lower than the bottom of the cellar, were turned up at an angle of about 45 degrees; that the building settled until the plate glass in the windows was driven into the sash.

The evidence further tended to show that as soon as the storm was over the mechanic who had erected the building at plaintiff's request came and inspected its condition and pronounced it unsafe; that the plaintiff immediately moved out of the same; that some eight days thereafter it fell down; that in removing the wrecked materials it was discovered that the brick in the southeast corner of the foundation of the wall which had not been disturbed by the fall of the building, were shivered and broken into "spalls;" that there was an air flue in the wall extending from the cellar upwards in which there was a vertical crack, and at the bottom of which flue there was a pile of broken brick and mortar which was not there before the storm; that the brick in the foundation of the wall near the flue were split and shivered without disturbing the cement in which they were laid.

It further appears that a dwelling house across the street from the plaintiff's building was struck by lightning during the storm.

Now if it be true, as defendant insists was the case, that there were no visible marks of a stroke of lightning on the walls of the plaintiff's building, yet was not the jury authorized to infer from the facts, which the evidence tends to prove, that the direct damage to the plaintiff's building was caused by lightning. No witness was introduced who had or professed to have such scientific attainments as would

INSURANCE:
lightning: sufficiency of evidence: jury question.

authorize him, as an expert, to testify his opinion as to whether or not, if lightning in manifesting its disruptive energy had encountered the walls of plaintiff's building, it would have left thereon some kind of a visible mark of its presence. It is true that defendant introduced one or more witnesses who had some practical experience with electricity and the generation thereof as an illuminator, but beyond this their qualifications as experts were shown to be so limited as to entitle their opinion to little or no weight. It seems to us that from all the evidence the jury might have very well inferred that the wreck and collapse of the plaintiff's building happened from the cause alleged in his petition. Evidence that is insufficient to justify a submission would, of course, not support a finding for the plaintiff therein by the jury.

The rule is that an objection that there is no evidence to support a finding is not well taken, if it appears there is evidence from which the facts necessary to be shown might have been inferred by the jury, even though such facts would afford the basis of diverse inferences. In such cases it is conclusively presumed that the jury drew that inference which would support their finding. Buesching v. Gas Light Co., 73 Mo. 219; Leeright v. Ahrens, 60 Mo. App. 118. Upon a careful consideration of all the facts and circumstances which the evidence conduces to show we are unable to reach the conclusion that there was no substantial evidence tending to prove that the plaintiff's building was struck by lightning, as alleged in his petition. The plaintiff was, as we think, entitled to go to the jury on the evidence.

The defendant objects that the plaintiff's first instruction is erroneous in expression. It declared that if the jury should *"believe from the evidence that there was a discharge of lightning or electricity * * * and that the shock caused by said electrical discharge struck and injured the walls of the plaintiff's building"* that plaintiff was entitled to recover.

——: ——: pleading: instruction.

It is quite difficult to understand how "the shock caused by said electrical discharge" could have struck and injured the walls of plaintiff's building.   We may presume that the plaintiff intended by this instruction to have the court declare that, if the discharge of lightning or electricity referred to encountered or struck the walls of plaintiff's building, and thereby disrupted the same, then the plaintiff, under the terms of the policy, was entitled to recover, etc.   If the electric discharge in question caused a concussion or shock of such violence as to injure the walls of plaintiff's building, this did not entitle plaintiff to recover, for the reason that the allegation of his petition is that his building was struck by lightning and the walls thereof shattered, etc.   If the discharge caused a jarring of the ground and the latter caused the damage to the building, then, in such case, the policy provides no indemnity for such damage or loss.   It provides indemnity only for direct loss caused by lightning. The jury might have concluded from the evidence that the plaintiff's building was not struck at all by lightning, and yet have returned a verdict for plaintiff, if they believe from the evidence that the damage to the walls of his building resulted from a jarring or shaking of the ground caused by a discharge of lightning or electricity.   The theory of this instruction departs from that of the petition, which is not permissible.   The issue thus submitted is not within the limits of the pleadings.   Besides this, it is also subject to the further objection that it is in conflict with the defendant's seventh instruction.

The defendant further objects that the plaintiff's fourth instruction is incorrect in enunciation, in that it told the jury that if "the walls of the building so insured were struck and damaged or injured, and that the same was the direct cause of an electric shock or stroke of electricity" the plaintiff was entitled to recover.   The word "shock," as has been seen, was used

——: ——: instruc-
tion: shock.

in the plaintiff's first instruction in the sense of shaking or jarring, but in this one it is manifestly used as the equivalent of and interchangeably with the word "strike." This instruction, we think, is not fairly subject to the defendant's criticism.

The court, by the sixth instruction given for the plaintiff, told the jury that if they found for plaintiff, to "assess his damages at such sum as they believed that —:—: damages: instruction. his building, furniture and fixtures damaged by the effects of lightning, not exceeding two thousand dollars," with interest, etc.; and further " that the defendant was entitled to have deducted from the amount of the policy the net value of all the counters, shelving, furniture and materials taken from the wreck of the building." For the defendant an instruction was given telling the jury that under the evidence there could be no recovery on any part of the insurance of two hundred dollars on the shelving, counters and furniture and to exclude the insurance upon such items from their consideration in making up their verdict. The insurance specified in the policy was "$1,800 on his two story brick gravel roof building," and "$200 on shelving, counters and furniture in said building." The shelving, excepting some twenty feet thereof, was taken out of the building before it fell. Why this twenty feet of shelving was not removed is not made to appear.

The plaintiff's instruction is palpably in conflict with that of the defendant. One told the jury to include in their estimate of the plaintiff's damages the furniture and fixtures, while the other told them to exclude the same from their consideration. We suppose by the term "net value," as used in the plaintiff's instruction, was meant the value of the wrecked material, after deducting therefrom the cost of removal. But there seems to be no evidence tending to show what the net value of the counters, shelving and furniture was. If the shelving, counters and furniture or any part

thereof were taken out of the building intact, or could have been so taken out by reasonable effort on the part of the plaintiff then there ought to have been no recovery as to these items. This instruction, it will be seen, is otherwise faulty and deficient in that clearness of expression which should always characterize an instruction. It may be observed that if the evidence had disclosed that a stroke of lightning caused any damage to the plaintiff's counter, shelves and furniture then the defendant's instruction, excluding the same from the consideration of the jury, would have been improper.

The defendant further complains of the action of the court in giving the plaintiff's first, fourth and sixth instructions as to the measure of damages. These instructions directed the jury that if they found for plaintiff to allow him damages not to exceed in amount, two thousand dollars. It is contended that the first and fourth of these authorized the jury to allow him two thousand dollars if they believed the total damages amounted to that sum, even though they might believe that the entire damage was to the building which was only insured to the amount of $1,800. The defendant's contention in this regard is not entirely groundless. For the sake of clearness it would perhaps have been better had the court instead of instructing the jury as to the two items of loss in a lump have done so separately. This would have prevented any misconception by the jury of their duty.

──: ──: instruction: valued policy: burden of proof.

The policy provided that the defendant should not be liable beyond the actual cash value of the property at the time of the loss. The "valued policy" statute has no application to insurance against loss by lightning. It applies only to loss or damage by fire. R. S. 1889, sec. 5897; Babcock v. Ins. Co., 4 N. Y. 326. The burden was therefore on the plaintiff to prove the actual cash value of the property at the time of the

loss or damage. There was no instruction framed with reference to this limitation, nor, indeed, was there any evidence of the actual cash value of the building and fixtures at the time of the loss. The defendant however contends that under the policy the plaintiff's recovery should have been limited in amount to three-fourths of the actual cash value of the property at the time of the loss.

The policy, according to the recitals therein made, became operative on the eleventh day of February, 1896. Afterwards, on the twelfth day of said month and year there appears to have been attached to it a printed —: —: added stipulation to the effect: In part considerastipulation: pleading. tion of the policy and the basis upon which the rate of premium is fixed, that in the event of loss this company shall not be liable for a greater amount than three-fourths of the actual cash value of the property covered by the policy at the time of the loss. As far as appears from the record this was a subsequent modification of the original contract of insurance entered into between the parties. If it was based upon a sufficient consideration, it was no doubt binding upon the plaintiff. If the plaintiff failed to plead it and the defendant desired to invoke its provisions, the latter should have pleaded the same in its answer. It appears from the plaintiff's brief he denies that any such modification was entered into, or if so that the same is effective or binding. This, it seems to us, furnished a strong reason why the defendant should plead the modification so that a proper issue could be made upon it.

It appears from the record that the plaintiff introduced the policy in evidence, but it does not clearly appear therefrom that the modification was introduced by —: —: evi- him. It is however stated in the record that a dence: modifi- cation of policy. slip containing such modification was attached to said policy and made a part thereof, but we are not satisfied whether or not from this we are authorized to infer that it was introduced in evidence by either party.

Before another trial of the cause is had the parties can, if they desire to do so, reform their pleadings and thus properly put in issue said modification and the effect thereof. It is needless to say that if the modification is valid it will operate as a binding limitation upon the plaintiff's right of recovery.

The judgment must be reversed and the cause remanded. All concur.