JOHN CHRISTIE v. CITY OF DULUTH and Others.[1]

January 4, 1901.

Nos. 12,478—(242).

Certificate of Indebtedness—Laws 1899, c. 351, § 10.

> The term "certificates of indebtedness" issued for the purpose of a permanent improvement revolving fund, as used in Laws 1899, c. 351, § 10, is equivalent to the term "bonds," as employed in the latter part of the same section, and such indebtedness is without reference to the five per cent. limit provided in such act. The complaint failed to state a cause of action, and the demurrer was properly sustained.

Appeal by plaintiff from an order of the district court for St. Louis county, Ensign, J., sustaining a demurrer to the complaint. Affirmed.

*S. T. & Wm. Harrison*, for appellant.

*Oscar Mitchell*, for respondents.

LEWIS, J.

Appellant is a taxpayer of the city of Duluth, and brings this action to enjoin the common council from issuing $99,000 of bonds, and appeals from an order sustaining a demurrer to his complaint.

The city is now governed by a special charter adopted under the provisions of the late constitutional amendment permitting certain cities to frame and adopt their own charters and pursuant to the enabling act (Laws 1899, c. 351). The enabling act contains the following provisions:

"Sec. 10. That the city council shall control the property and finances of the city and shall have power to appropriate money for city purposes only, except as hereinafter provided; to provide for the payment of its debts and expenses; to borrow money on its credit for city purposes and to issue bonds therefor; to issue bonds in the place of and to supply means for paying maturing bonds and to consolidate or fund the same. Provided, that the total indebtedness of such city, except as hereinafter provided, shall not thereby be made to exceed five per cent. of the total value of the taxable property of such city, according to the last preceding assessment for the purposes of taxation, except in

[1] Reported in 84 N. W. 754.

cities where such limit has already been reached, or expenditures have already been authorized 'by vote of the people of said city which will cause the said limit to be reached. Provided, however, that the certificates of indebtedness issued for the creation and maintenance of a permanent improvement revolving fund shall not be considerd as a portion of the indebtedness of the city for the purposes of this section."

It is further provided by section 10 that no city council shall issue bonds for any purpose to the amount of $100,000 or over until the proposition to make such issue has been submitted to, and approved by, the legal voters of the city.

The complaint charges that the common council on October 1, 1900, passed an ordinance providing for the issuance of $99,000 permanent improvement revolving fund bonds, and is proceeding to sell the same, and that such issue is in excess of the five per cent. limit, and is without authority of law. The charter provides that the city of Duluth shall have authority, by ordinance, to provide for the issue of bonds, not exceeding $100,000 in amount, for the purposes of the permanent improvement revolving fund. Such fund shall not be supported by taxation, and there shall be paid into it special assessments levied for local improvements, and also the amounts realized by the sale .of the bonds referred to. Out of this fund, in this manner provided, are to be paid the expenses of carrying on local improvements; the fund from time to time to be replenished as the assessments are collected.

The only reference in the enabling act to such a fund is that above quoted, viz.: "Provided, however, that the certificates of indebtedness issued. for the creation and maintenance of a permanent improvement revolving fund shall not be considered as a portion of the indebtedness of the city for the purposes of this section." Appellant contends that in the absence of a specific definition of such a fund, defining its scope and limitations, the charter provisions with reference thereto are void; and, further, that, if the enabling act does authorize such a fund for the purposes named in the charter, bonds cannot be issued for such purposes, but only certificates of indebtedness,—that form of obligation being the only indebtedness recognized by the enabling act. These objections do not seem to be very forcible. While

the language might have been more explicit, there is no reasonable doubt as to its application. It refers to such local improvements as all cities are charged with by way of assessment of the cost upon all property benefited thereby. It is the plain intent of the act to permit cities to establish a revolving fund for the purpose of meeting the expenses of such improvements until funds are realized through the regular channel of assessment and collection. The term "certificate of indebtedness," as used in this connection, is equivalent to the term "bond." A bond is one form of certificate of indebtedness, and the provision wherein this term is used should be considered in connection with the power to issue bonds up to $100,000, found in the latter part of the section. If a "certificate of indebtedness," as employed in the act, refers to some special form of obligation different from a bond, the act is silent upon that subject, and, without reference to the subsequent provision referred to, the language would be indefinite and ineffectual for any purpose. The complaint fails to state a cause of action, and the demurrer was properly sustained.

Order affirmed.