[No. 9141.]

THOS. S. HAYDEN REALTY CO. v. TOWN OF AURORA ET AL.

FLOATING INDEBTEDNESS OF A TOWN—*Statute Construed.* Judgments aaginst a town, unsatisfied, and which it has no means to satisfy, are part of its floating indebtedness within the meaning of c. 144 of the Laws of 1909.

*Error to Adams District Court.* Hon. HARRY S. CLASS, Judge.

Mr. HUGH MCLEAN, for plaintiff in error.

Mr. LUKE J. KAVANAUGH, for defendants in error.

Mr. JUSTICE HILL delivered the opinion of the court.

The sole question involved is whether ten judgments against the Town of Aurora, a municipal corporation, aggregating in excess of $431,000.00 are entitled to be included as a part of its floating indebtedness under the

terms "the floating indebtedness and outstanding legal warrants," as used in chapter 144, page 308, Session Laws 1909, concerning the refunding of floating indebtedness and outstanding warrants of cities and towns, etc. It stands admitted that the Town of Aurora has complied with the provisions of this act, and is about to issue its bonds in order to take up its floating indebtedness, as provided therein; that in complying with section 2 of the act, its board of trustees, in determining the total amount of its floating indebtedness, included as a part thereof these judgments. The plaintiff in error seeks to prevent the issuance of the bonds for this purpose, upon the theory that the act only authorizes such an issue for purposes as therein stated, viz., "For the purpose of funding the floating indebtedness and outstanding legal warrants of such city or town." It contends that these judgments do not come under the words "floating indebtedness." A restraining order was denied.

Definitions of the words "floating indebtedness" throw very little light upon the subject. In several cases it is construed in connection with the other language used, with a view of ascertaining what was intended to be accomplished by the act under consideration. We think this the correct rule to follow. Webster's New International Dictionary defines floating debt in connection with finance as, "a debt which is of a temporary and shifting nature, that is, one not funded; a,—in general, a debt for money borrowed directly, for money owed for miscellaneous obligations, or for money payable in a short time."

A reading of our 1909 act discloses that its purpose was to provide a method for refunding, generally speaking, of the indebtedness of a city, other than its bonds and other permanent obligations, not then due, and that the words "floating indebtedness," followed by the words

"outstanding legal warrants" were intended to be used in a broad sense.

In Dillon on Municipal Corporations, Vol. 1, (5th ed.), Section 193, it is said:

" 'Debt' and 'indebtedness' as used in the Constitution are not used in any technical way, but in their broad general meaning of all contractual obligations to pay in the future for considerations received in the present."

In *State ex rel Frost v. Faran et al.*, 24 Ohio St. 536, at page 541, the court says:

"We agree with the counsel of the relator, that in determining this question we are not confined to what may be the abstract meaning of the terms used. The sense may be restrained or enlarged so as to embrace such claims, if necessary to effect the true intent of the act.

The terms 'floating debt' were doubtless used to distinguish the indebtedness to be provided for, from the bonded debt of the city, which is in its nature fixed and, for the time it has to run, permanent."

In *People ex rel v. Wood, Receiver,* 71 N. Y. (26 Sickels) 371, the court had under consideration an act providing for the settlement of the floating debt of Saratoga Springs, wherein the court, at page 374, said:

"The second section of this act also distinguishes the floating debt of the village, and the claims which go to make it up, from the future debt of the village and the claims which go to make that up. We may safely conclude, that the purpose recognized and sanctioned by the act, in the authority given by it to raise money by the issue of municipal bonds, was to pay off the floating debt of the village. By the term, 'floating debt,' is meant that mass of lawful and valid claims against the corporation, for the payment of which there is no money in the corporate treasury specifically designed, nor any tax-

ation or other means of providing money to pay, particularly provided.''

This definition is quoted with approval in *City of Huron v. Second Ward Savings Bank*, 86 Fed. 272, 30 C. C. A. 38, 49 L. R. A. 534, and is given as the correct one in Vol. 3, Words and Phrases, 2850, also in Vol. 19 Cyc., page 1079.

In *City of Port Huron v. McCall*, 46 Mich. 565, a judgment was obtained upon bonds of the city theretofore issued. New bonds were issued in payment of this judgment and other indebtedness. The city refused to pay the last issue because the statute authorizing it limited its purposes ''For the refunding of bonds and other evidence of indebtedness already issued.'' It was claimed that the judgment was not evidence of a debt already issued. This contention was overruled. Judge Cooley, in speaking for the court, said ''this view of the statute is * * * very narrow and technical.''

In *New Orleans Board of Liquidation v. Hart*, 118 U. S. 136, 30 L. Ed. 65, 6 Sup. Ct. 995, bonds were issued to take up certain floating indebtedness of the city. The court held that the holder of a floating debt, who had established its validity by securing a judgment, has a right to stand with reference to its proceeds on an equal footing with other holders of the city's floating debt.

The record discloses that there are ten different valid judgments against the town rendered in different courts, and at different times, between February, 1909, and March, 1915; and that the town does not have in its treasury a sufficient amount of money to pay these judgments, nor any part thereof. Can it be said that because this indebtedness is represented by judgments that for this reason it is not a floating indebtedness of the town? We do not think so. In so far as anything in the complaint discloses, we are of opinion that it con-

stitutes a part of the floating indebtedness of the town and comes under the provisions of our 1909 act.

The judgment is affirmed.

*Affirmed.*

Decision *en banc.*

CHIEF JUSTICE WHITE dissents.