# THEODORE OAKMAN, ETC. v. CITY OF EVELETH AND OTHERS.[1]

September 8, 1922.

No. 23,080.

**City of Eveleth may issue bonds to take up certificates of indebtedness.**

1. Section 1847, et seq. G. S. 1913, are applicable to Eveleth, having a home rule charter; and under section 1855 (5) as amended by Laws 1921, c. 209, authorizing the issuance of bonds "for funding floating indebtedness," the city may issue bonds to provide money for paying certificates of indebtedness issued pursuant to charter authority in anticipation of the payment of tax levies.

**Home rule charter cannot prevent amendment of it by proper general legislation.**

2. The provision of section 248 of the city charter to the effect that no law of the state shall be considered as repealing or amending or modifying the charter unless expressly set forth does not prevent proper legislation affecting all municipalities of the state or those of a certain class.

Action in the district court for St. Louis county to restrain the city of Eveleth and its officers from issuing bonds to the amount of $375,000. The matter was heard by Freeman, J., who made findings dissolving the temporary injunction and ordered judgment in favor of defendants. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Boyle & Montague,* for appellant.

*Giblin & Manthey* filed a brief as amicii curiae.

*J. C. McGilvery, George H. Spear* and *James E. Gardner,* for respondents.

DIBELL, J.

This is an action to restrain the city of Eveleth and its officers from issuing bonds in the amount of $375,000. There were findings and judgment for the defendants and the plaintiff appeals.

[1] Reported in 189 N. W. 932.

1. The bonds proposed to be issued include $60,000 for extending the sewer system of the city, and $15,000 for enlarging the water works. No substantial question is made as to the validity of these two issues. The issue of $300,000 is to fund certain certificates of indebtedness. To these objection is made.

Eveleth is a home rule city of the fourth class having a population of less than 10,000. Its charter provides that the council shall annually in the month of September make a budget of the amounts estimated as necessary to pay the expenses of the city for the ensuing year. The levy is made on or before the tenth day of October and is collected with the county and state taxes. Every order must designate the fund upon which it is drawn, is payable only out of the fund named, and no order can be drawn until there is sufficient money in the fund to pay it. At any time after the tax levy has been certified to the county auditor, not earlier than October 10, the council may by a four-fifths vote sell certificates of indebtedness in anticipation of the collection of the taxes levied for any special fund for the purpose of raising money for such fund; but no certificate can be issued in excess of 50 per cent of the amount named in the tax estimate. The certificates are payable not later than December 31 of the year following. Each certificate states upon its face the fund for which the proceeds shall be used. Taxes when paid go into the appropriate fund. The faith and credit of the city are pledged for the redemption of the certificates. Charter, §§ 79-83.

The certificates, taking one as a sample of all, were issued on October 13, 1920, designated the fund for which issued, contained a promise to pay, were due December 31, 1921, with 6 per cent interest payable semiannually, and were "payable out of the moneys of the treasurer of said city coming from said taxes levied for said * * * fund, and the proceeds of the tax assessed and collected for said fund, and the faith and credit of the city of Eveleth, are hereby irrevocably pledged for the redemption of this certificate."

Passing the question whether the city is authorized to issue its refunding bonds under section 79 (5) of its charter authorizing bonds "for the purpose of paying, funding or refunding any bonded indebtedness of the city," and the provisions of Laws 1919, p. 259,

c. 209, providing for the issuance of bonds "to discharge and pay any outstanding bonds or warrants of the said city," we come to the provisions of chapter 10, G. S. 1913, relating to the public indebtedness of municipalities. Section 1847 is broad enough to include Eveleth. The restriction in 1850 as to the modification or extension of any provision of a municipal charter "relating to corporate indebtedness," does not make the chapter inapplicable. Without defining in advance the scope of this restriction, it is enough to say that it does not apply to the issuance of bonds under the circumstances authorized by section 1855 (5), as amended by Laws 1921, p. 259, c. 209. Prior to the latter amendment section 1855 permitted the issuance of bonds under restrictions there stated "in the case of all of the before-mentioned municipal corporations, for paying any judgment lawfully rendered against them, or for refunding outstanding bonds or floating indebtedness." The amendment of 1921 authorizes the issuance of bonds "for refunding outstanding bonds, or for funding floating indebtedness;" and there is a provision that bonds issued for the purpose of funding a floating indebtedness shall be payable in annual instalments at times insuring that they shall not be long outstanding obligations.

It is true that certificates of indebtedness may be the equivalent of bonds. Christie v. City of Duluth, 82 Minn. 202, 84 N. W. 754; City of Pike v. Marshall, 146 Minn. 413, 178 N. W. 1006. The certificates in question are sufficient in form to answer the requirements of bonds. Bangor Sav. Bank v. Stillwater, 46 Fed. 899; Board v. Home Sav. Bank, 236 U. S. 101, 35 Sup. Ct. 265, 59 L. ed. 485. Form, however, is not determinative. It is all a question of legislative intent.

Without considering whether chapter 10 authorizes the issuance of bonds to refund these certificates of indebtedness, we are of the view that certificates of indebtedness such as these properly come under the head of floating indebtedness as used in section 1855. See People v. Wood, 71 N. Y. 371; State v. Faran, 24 Oh. St. 536; People v. Carpenter, 31 App. Div. 603, 52 N. Y. Supp. 781, 785; Hayden Realty Co. v. Aurora, 62 Colo. 563, 163 Pac. 843.

While the members of the court are not in agreement it is the view of the majority that Eveleth comes within the provisions of chapter 10, and that the certificates of indebtedness which it is proposed to refund by bonds are properly included within the meaning of floating indebtedness as used in section 1855 (5), as amended by Laws 1921, p. 259, c. 209.

2. Section 248 of the city charter provides as follows:

"No law of the state concerning the provisions of this act shall be considered as repealing, amending or modifying the same unless such purpose be expressly set forth in such law."

It is the contention of the defendants that this provision prevents the application of chapter 10. We do not understand it so. No provision of a home rule charter prevents legislation generally applicable to cities or to cities of the particular class.

Judgment affirmed.