BARR & MARTIN, a Firm Composed of J. W. BARR and J. P. MARTIN, Respondents, v. Wm. H. JOHNSON, HOLLAND KEET, ALVA MILLIGAN and L. S. MEYER, Appellants.

Springfield Court of Appeals, April 7, 1913.

1. APPEAL: Verdict Challenged For Insufficiency of Evidence: Appellate Court's Viewpoint. Where a verdict is challenged by defendants on the ground that it is not supported by the evidence, a statement of the case is properly made from the standpoint of the plaintiff's evidence.

2. **CONTRACT: Modification of: Making Definite: New Considera-
tion Not Required.** Where, upon the completion of a contract
for the construction of a roadway, under terms of which plain-
tiffs were to be paid 60 cents per lineal foot and a reasonable
per cent profit, an oral agreement was made by the parties to
the effect that the defendants should pay as a profit 10 per
cent of the amount which had been expended by plaintiffs for
labor and material, *held*, that such agreement was not a new
contract, but merely a fixing and making definite the amount
which plaintiffs were to receive and the making of the original
contract and the labor performed under it were sufficient con-
sideration.

3. **INSTRUCTIONS: Directing Verdict: Opposing Evidence to
be Regarded.** An instruction covering the whole case and
directing a verdict for either party, must not ignore the evi-
dence and issues presented by the opposite party.

4. **PLEADING: In Justice Court: Need Not be Formal.** Formal
pleadings are not required in a case originating in a justice of
the peace court.

5. **CONTRACTS: Acquiescence in: Reaping Benefits Under.**
Where several defendants who lived on the roadway in ques-
tion, acquiesced in the contract, watched the construction
thereof under same, paid part of the amounts charged against
them therefor, and accepted the benefits of the work done with-
out objection, they will not be allowed to escape liability for
payment on the ground that one of their number, who acted as
spokesman in creating the contract, had not the authority to
bind all the other defendants by what he said and did.

6. **APPEAL: Verdict of Jury: Binding on Appellate Court.** The
finding of a jury is binding on the appellate court, no ma-
terial error appearing.

Appeal from Greene Circuit Court.—*Hon. Guy D.
Kirby*, Judge.

AFFIRMED.

*Wm. H. Johnson* and *Wright Bros.* for appellants.

(1)   There is no evidence to support the first
count.   Plaintiff's evidence attempts to predicate a
recovery upon an express contract.   (a) The contract
was not completed.   (b)   There is no evidence of the
value of the labor and services of plaintiffs.   (c)

There is no evidence of the reasonable value of materials. (d) Plaintiffs performed no service for defendants. (e) Plaintiffs cannot sue upon a *quantum meruit* and recover on special contract. Koons v. Car Co., 203 Mo. 203, 255, 260. (2) There is no evidence of money being paid in behalf of defendants or to their use to sustain the second count. Plaintiffs in their evidence claim to have entered into a contract with the defendants to construct a driveway of certain dimensions at 60 cents per lineal foot and furnish all material and labor. It was no concern of defendants where plaintiffs secured the money to pay for material and labor in the performance of the contract. (3) There is no evidence to sustain the third count. Plaintiffs base their right of recovery on a contract to construct a driveway and no evidence was offered of any employment of plaintiffs by defendants to render for the defendants any service or to superintend the building of a road. (4) There is no evidence of a stated account to sustain the fourth count. (5) Plaintiffs cannot recover on an original contract modified by subsequent agreement. The 10 per cent proposition was made after plaintiffs ceased work, and no work on the contract was performed thereafter. Koons v. Car Co., 203 Mo. 203, 259; Warren v. Mfg. Co., 161 Mo. 112. (6) There was no consideration for the offer of 10 per cent. The offer was only made by Johnson, was conditional, was not accepted. No further work was performed by plaintiffs after the proposition was made. Johnson did not accept the work. (7) If the court should find there is no evidence against any one of the defendants then no judgment can be rendered against any of the defendants. (8) Defendants' instruction one should have been given. Plaintiffs would have no right to recover if they violated their contract. (9) Defendants' instruction two should have been given. The evidence on part of plaintiffs' witnesses shows that they charged for la-

borers who were not employed by them on the roadway. For that overcharge and for wrongful and excess charge on material plaintiffs are not entitled to recover.

*Frank B. Williams* for respondents.

(1) Although the evidence is conflicting, there is substantial evidence to support the verdict. And in such cases it is conclusively presumed that the jury drew that inference which would support their finding. Kattleman v. Fire Ass'n, 79 Mo. App. 452; Leeright v. Ahrens, 60 Mo. App. 119; Gunther Bros. v. Aylor, 92 Mo. App. 167. (2) The statement filed with the justice is sufficient to support the verdict. Pleadings in justice courts are liberally construed. Gunther Bros. v. Aylor, 92 Mo. App. 166; Strickland v. Quick, 45 Mo. App. 610. (3) The fact that there was a contract between the parties does not necessarily signify that their action must be based thereon. Stockman v. Allen, 160 Mo. App. 232; Mansur v. Botts, 80 Mo. 656; Printing Co. v. Publishing Co., 127 Mo. App. 150; Gunther v. Aylor, 92 Mo. App. 166. (4) The two instructions asked by defendants and refused by the court are not predicated upon the facts in evidence and they were properly refused. Instructions must be within the purview of both the pleadings and the evidence. Black v. Met. St. Ry., 217 Mo. 685; Degonia v. Railroad, 224 Mo. 589; Mansur v. Botts, 80 Mo. 658. (5) Where the terms of a contract are not admitted, but are to be ascertained from the oral evidence of witnesses, it is the province of the jury to determine from the evidence what the contract is. Smith v. Aude, 46 Mo. App. 631; Judge v. Leclaire, 31 Mo. 127; Jungeman v. Brewing Co., 38 Mo. App. 463. (6) No new burden was imposed on defendants by the new ten per cent arrangement and no new consideration was necessary to support that agreement. Warren

v. Mfg. Co., 161 Mo. 124. (7) The judgment is clearly for the right party and should be affirmed. The merits of the case are manifestly and overwhelmingly in favor of respondents. Blessie v. Blackburn, 31 Mo. App. 264; Kuhn v. Life Ins. Co., 71 Mo. App. 305; Woody v. Railroad, 104 Mo. App. 678.

STURGIS, J.—The plaintiffs as partners sued the defendants herein for labor performed and for money paid out by them for defendants under an oral agreement relative to building a certain private roadway. The defendants were the owners of separate tracts of land in the suburban resident district of Springfield, Missouri, known as Meadowmere, and desired to build a road or driveway in front of same. There is no dispute but that plaintiffs were employed to and did do this work. There is, however, a dispute as to the exact terms of the contract and its modifications under which the work was performed and the money expended, and as to whether the work was performed and completed according to such contract. There was a counterclaim filed by defendants for damages for failure to complete the road as agreed for an amount which is alleged to have been necessarily expended in completing the road after plaintiff's failure to do so.

The cause originated in a justice of the peace court, where it was tried and plaintiffs prevailed. The defendants suffered the same fate at the hands of a jury in the circuit court. Hence this appeal.

It is sufficient to say in the counterclaim that the jury found against it, as was necessarily the case, when it found that plaintiffs had complied with their contract in doing the work of building this road and that defendants owed them $77.45 for labor, and a balance of fifty dollars for money expended by plaintiffs in building the road. Under the facts in this case it would not be possible for a jury to find for plaintiffs

on the theory that they had complied with the contract and yet award damages to the defendants for their failure to comply with such contract. It will therefore only be necessary to examine the alleged errors in permitting a recovery by plaintiffs.

As defendants challenge the verdict as being unsupported by the evidence, a statement of the case is properly made from the standpoint of plaintiffs' evidence. [McGee v. Railroad, 214 Mo. 530, 114 S. W. 33; Riggs, v. Railroad, 216 Mo. 304, 115 S. W. 969; Merritt v. Matchett, 135 Mo. App. 176, 115 S. W. 1066.]

The road to be built, and which was built, is variously given as being 1335 to 1350 feet in length. The road was to be built by excavating the same twelve feet wide to a depth of at least six inches. This was to be filled with rock or "field stone," broken down level with sledge hammers to the thickness of at least four inches, and then two inches of crushed rock placed over that, and then thoroughly rolled with a heavy roller. The plaintiffs contracted for and defendants Milligan and Johnson, acting for themselves and the other defendants, agreed to pay plaintiffs six cents per square foot, or seventy-two cents per lineal foot, for doing this work. On this contract plaintiffs made preparations to commence the work, assembled their tools, and were making arrangements for material with which to construct the road. The defendant Johnson seems to have been more active in looking after this work and generally acted as spokesman for all the defendants. He claimed to have ascertained from another contractor, which fact was denied by that contractor, that the work could be done for the price of sixty cents per lineal foot, and in the presence of Milligan told the plaintiffs of this fact and said they had agreed to pay too much and that he must have been asleep when he made the first contract. The plaintiffs said they could not do the work for that

price and offered to quit the job. The defendants would not agree to this and Johnson directed the plaintiffs to continue with the work and said that if they "did not make a profit, I would see that they did not lose anything." The plaintiffs agreed to this and went ahead with the work until it was completed. This contract, as thus modified, is somewhat out of the ordinary and to some extent indefinite; but both parties agree to substantially the same facts as to making the first contract at seventy-two cents per lineal foot; of defendants' complaint that that was too high and that it could be done for sixty cents; and that plaintiffs continued the work under the agreement that if they could not make a good thing or profit at that price, the defendants would make it up or see that plaintiff did not lose anything.

The evidence further shows that plaintiffs were three weeks in constructing the road, during which time they employed a considerable force of men and teams, contracted for and used considerable material and procured and used a heavy roller. The defendant Milligan for the most part acted as paymaster, and at the end of the first week the pay roll of that week, amounting to $150, was presented to him and he paid this amount to plaintiffs, which was used in paying for the men and teams. At the end of the second week he also paid to plaintiffs the amount of the pay roll of that week, amounting to $150, and this was expended in the same manner. And again at the end of the third week, when as plaintiffs say the work was completed, the pay roll for that week was presented to him and he gave plaintiffs an order on defendant Meyer for $100, which was paid; and one on defendant Keet for $100, one-half of which was paid. The record does not disclose why defendant Keet paid only one-half of this order but there is nothing to show that he questioned the correctness of the amount. Plaintiffs used their own money to make up this deficiency of

fifty dollars, in paying for the labor of the last week, and sued for this amount by the second count of the petition.

The plaintiffs then demanded settlement and defendants raised objections on the ground that the road was rough and not altogether level and that it needed to be filled up in some low places. Plaintiffs insisted that they had completed the work according to the contract, had already exhausted the sixty cents per lineal foot, and that the road was finished and in good condition; and in this they are corroborated by other witnesses. The evidence then is that defendants, speaking through Johnson, in order to settle the controversy, proposed that they would pay plaintiffs ten per cent of the amount expended for labor and materials as plaintiffs' profit on the job and ''let them go.'' Plaintiffs accepted this proposition. Later some dispute arose as to the correctness of some of the bills for labor and material which plaintiffs claim to have expended. It may be said that defendants insist that a material part of this ten per cent agreement was that plaintiffs would present itemized statements and receipts showing what they had expended, and that they failed to do this. Plaintiffs contend that this was not a material part of the agreement, but merely a means of ascertaining how much had been expended and that they did in fact present the bills and their pay roll showing the amounts expended. The evidence also shows that defendants did not question the amount of the bills for material purchased and paid them without question. The evidence produced at the trial shows, and the jury found, that plaintiffs had expended for labor and material $774.50; ten per cent of which is $77.45, which, with the fifty dollars found to have been paid by the plaintiffs for labor over and above the amount which defendants had repaid to them, made the amount of the verdict, $127.45.

As before remarked the terms of the contract between these parties are somewhat indefinite, but we think that the jury had the right to infer therefrom, as they did, that plaintiffs were to be paid at least sixty cents per lineal foot for building the roadway and enough more as profit to pay plaintiffs a reasonable amount for their own services in constructing the road.

On a demurrer to the evidence the court must indulge every reasonable inference of fact in favor of the parties offering the evidence, which the jury might indulge with any degree of propriety. [Heine v. Railroad, 144 Mo. 443, 129 S. W. 421; Kattelmann v. Fire Association, 79 Mo. App. 447, 452; Leeright v. Ahrens, 60 Mo. App. 118, 119.]

This is the construction which the parties themselves put on the contract when, at the completion of the work, the defendants agreed to pay the plaintiffs as a profit ten per cent of the amount which had been expended for labor and material. Up to that time the amount which plaintiffs were to receive as profit was indefinite, except that they were to have a reasonable profit, and it was perfectly competent for the parties to agree on the amount of this profit without the same being a new contract. This disposes of the contention of defendants that this ten per cent agreement was a new contract and was therefore without consideration. It was not the making of a new contract, but was merely fixing and making definite the amount which plaintiffs were to receive as profit or compensation for their own work. The making of the original contract and the work and labor performed under the same is a sufficient consideration for the whole contract, including the making definite the amount which plaintiffs were to receive for their own work.

The plaintiffs asked no instructions, and, as the two instructions asked by defendants were refused, the case was submitted to the jury without any in-

structions other than one directing them that nine of their number might return a verdict.

Defendants contend that the refusal of these instructions is error.

Instruction No. 1 was properly refused for the reason that it directed a verdict for defendants on the sole finding that plaintiffs did not complete the construction of the roadway, thus ignoring the evidence of plaintiffs that the ten per cent agreement was based on a settlement of the amount of plaintiffs' compensation as the matter then stood, whether the road was or was not complete. It is familiar law that an instruction covering the whole case and directing a verdict for either party must not ignore the evidence and issues presented by the opposite party. [St. Louis Packing Co. v. Mertens, 150 Mo. App. 583, 131 S. W. 354; Walton v. Phoenix Ins. Co., 162 Mo. App. 316, 141 S. W. 1138.]

Instruction No. 2, directs that if the jury find that defendants have paid an *excess* over the amount justly expended by plaintiffs for *labor* to credit the amount of such excess on the bill for *material*, in case the jury should find any expenditure for material. As the plaintiffs were suing for a *deficiency* on the labor bill and were not claiming *anything* for materials paid for by them, and were conceding that defendants had paid for all materials, it is difficult to understand this instruction. It may have been refused on the ground that as it tends to confuse the court it would not likely enlighten the jury. Plaintiffs are suing for their own services in connection with this work and also for an amount paid by them to day laborers working under them and not repaid by defendants. The jury might have found against plaintiffs on either of these items or for them in a less amount on either, but it did not. Whatever defendants may have meant by this instruction it is certain that the jury did not find any excess payment by defendants

on the labor bill, but did find a deficiency, and so·there was no excess to credit anywhere or in any manner. The refusal of this instruction was at least harmless.

Some contention is made that plaintiffs sued on one contract and were allowed to prove and recover on a different or modified contract, citing Koons v. St. Louis Car Co., 203 Mo. 227, 259, 101 S. W. 49. That case is not applicable for the reason, if no other, that this case originated in a justice of the peace court, where no formal pleadings are required. The some-·what informal statement in this case is sufficient to inform the defendants that plaintiffs claim that defendants owe them $77.45 for their services in constructing this road, and an additional sum of fifty dollars paid by plaintiffs to laborers for work done on the road. The defendants have had two trials and there is no suspicion that they were misled as to the issues they were called upon to meet.

We have also considered the question of defendant Johnson's authority to bind all the other defendants by what he said and did. It would serve no useful purpose to set out the evidence on this point further than to say that all the defendants knew of the work being done, three of them lived on the driveway in question and saw the work going on, each paid part of what was paid, and all have availed themselves without objection of the benefits of plaintiffs' work. We say ·"without objection" because the objections made do not go to Johnson's authority to make or modify any contract but to plaintiffs' failure to do the work according to the contract made. On this the jury found against them and, absent any material error, that finding is binding on this court.

The judgment is affirmed. *Robertson, P. J.*, concurs. *Farrington, J.*, not sitting.