# BOARD OF COUNTY COMMISSIONERS OF THE CITY AND COUNTY OF DENVER v. HOME SAVINGS BANK.

## WRIT OF CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 126. Argued January 15, 1915.—Decided January 25, 1915.

No exception or bill of exception is necessary to open a question of law apparent on the record where the record shows no waiver of rights of plaintiffs in error. *Nalle* v. *Oyster*, 230 U. S. 165.

When a municipality is authorized to raise money by sale of bonds this court will take it that the authority extends to putting the bonds in the form that would be necessary to obtain a purchaser. And this applies also to certificates of indebtedness.

There is no essential difference between bonds of a municipality and its certificates of indebtedness, and in this case *held* that the purchasers for value before maturity and in good faith of negotiable certificates of indebtedness of the City of Denver were entitled to recover, and the defense that the authority to issue certificates did not authorize making them negotiable could not be maintained.

200 Fed. Rep. 28, affirmed.

THE facts, which involve the validity of certificates of indebtedness issued by the City and County of Denver in payment for voting machines, are stated in the opinion.

*Mr. Charles R. Brock,* with whom *Mr. I. N. Stevens, Mr. Milton Smith* and *Mr. William H. Ferguson* were on the brief, for petitioner:

An exception to the ruling of the trial court upon a demurrer is not a condition precedent to the right to have that ruling reviewed upon writ of error, and such an exception is unauthorized by any rule at common law or in the Federal courts. *Barnes* v. *Scott,* 11 So. Rep. 48; 3 Blackstone, p. 372; *Chateaugay Ore Co., Petitioner,* 128

U. S. 544; *Manning* v. *German Ins. Co.*, 107 Fed. Rep. 52; *Consumers Oil Co.* v. *Ashburn*, 81 Fed. Rep. 331; *Aurora* v. *West*, 7 Wall. 82; *Clune* v. *United States*, 159 U. S. 590; 1 Coke upon Littleton, § 155b, note; *Doty* v. *Jewett*, 19 Fed. Rep. 337; 3 Ency. Pl. & Pr., pp. 378, 404; *Francisco* v. *Chi. & Alt. R. R.*, 149 Fed. Rep. 354; *Ghost* v. *United States;* 168 Fed. Rep. 841; *Hanna* v. *Maas*, 122 U. S. 24; Hopkins' New Fed. Eq. Rules, p. 10; *Knight* v. *Ill. Cent. R. R.*, 180 Fed. Rep. 368; *Lowry* v. *Mount Adams R. R.*, 68 Fed. Rep. 827; *Mitsui* v. *St. Paul Ins. Co.*, 202 Fed. Rep. 26; *Newport News Ry.* v. *Pace*, 158 U. S. 36; *Potter* v. *United States*, 122 Fed. Rep. 49; *Preble* v. *Bates*, 40 Fed. Rep. 745; *Pickett* v. *Legerwood*, 7 Pet. 144; *Railway Co.* v. *Heck*, 102 U. S. 120; Rev. Stat., § 953; Rule 4, Supreme Court U. S.; Rule 10, U. S. C. C. App.; *Rogers* v. *Burlington*, 3 Wall. 654; Statute of Westminster, 2, 13 Edw. I, c. 31; Stephen on Pleading (Tyler's ed.), p. 142; *Suydam* v. *Williamson*, 20 How. 427; *Tullis* v. *Lake Erie & W. Ry.*, 105 Fed. Rep. 554; *Webb* v. *National Bank*, 146 Fed. Rep. 717.

As respects the power or authority of the Board of County Commissioners of the City and County of Denver to issue negotiable certificates of indebtedness, see Const., Colorado, Art. VII, § 8; Rev. Stats., Colorado, 1908, § 2341; Sess. Laws, Colorado, 1905, p. 222.

Neither § 8 of Art. VII of the constitution of Colorado, nor the act of 1905, authorizes the Board of County Commissioners of the City and County of Denver to issue negotiable certificates of indebtedness, and the certificate and coupon sued upon, being negotiable in form, are therefore absolutely void. *Barnett* v. *Denison*, 145 U. S. 135; *Brenham* v. *Bank*, 144 U. S. 173; Const. of Colorado, Art. VII, § 8; *Coffin* v. *Commissioners*, 57 Fed. Rep. 139; *German Ins. Co.* v. *Manning*, 95 Fed. Rep. 597; *Hedges* v. *Dixon Co.*, 150 U. S. 182; *Mayor* v. *Ray*, 19 Wall. 468; *Merrill* v. *Monticello*, 138 U. S. 673; *National.*

*Bank* v. *School District*, 56 Fed. Rep. 197; *Nashville* v. *Ray*, 19 Wall. 468; *Ottawa* v. *Carey*, 108 U. S. 110; Rev. Stat. Colorado, 1908, § 2342; Session Laws Colorado, 1905, p. 224; *Swanson* v. *Ottumwa*, 131 Iowa, 547; *West Plains* v. *Sage*, 69 Fed. Rep. 943.

Even if the constitutional provision and statute in question should be held to authorize the issuance of negotiable bonds, the security sued on in this action is not a bond, is not negotiable, and therefore the plaintiff took it subject to any equities existing between the county and the payee. 2 Dillon on Municipal Corporations, 5th ed., pp. 1273–1295; *Nashville* v. *Ray*, 19 Wall. 468; *Watson* v. *Huron*, 97 Fed. Rep. 449; *West Plains* v. *Sage*, 69 Fed. Rep. 943.

*Mr. John M. Zane,* with whom *Mr. Charles F. Morse* and *Mr. Charles W. Waterman* were on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action brought by the respondent upon a certificate of indebtedness and an interest coupon attached to the same, against the petitioner. There was a verdict and judgment for the plaintiff and the Circuit Court of Appeals affirmed the judgment. 118 C. C. A. 256; 200 Fed. Rep. 28. The plaintiff held the instrument by endorsement and was found to have purchased it in good faith before maturity, but the defendant denied the authority to issue the certificate in negotiable form and sought to raise the question by its third defence which set up failure of consideration. There was a demurrer to this defence which was sustained by the Circuit Court, and the trial took place upon the other issues. The Circuit Court of Appeals declined to consider the correctness of this ruling because no exception was taken to it. But

no exception or bill of exceptions is necessary to open a
question of law already apparent on the record and there
is nothing in the record that indicates a waiver of the
defendant's rights.    Therefore we must consider the
merits of the defence.    *Nalle* v. *Oyster*, 230 U. S. 165.

The certificate recites the allowance of a claim for ballot
machines by the Board of County Commissioners of the
City and County of Denver and goes on "the Board of
County Commissioners being authorized thereto by the
laws of the State of Colorado, Act of 1905, thereby issues
its certificate of indebtedness for the said sum, and will in
one (1) year pay to the order of the Federal Ballot Machine
Company the sum of eleven thousand two hundred and
fifty dollars, with interest on this sum, from the date
hereof, at the rate of five per cent. per annum; the said
interest payable semi-annually, as per two (2) coupons,
hereto attached."    This certificate was one of ten issued
to provide for the payment for ballot machines and the
constitution of the State authorized provision for pay-
ment in such case "by the issuance of interest-bearing
bonds, certificates of indebtedness, or other obligations,
which shall be a charge upon such city, city and county,
or town; such bonds, certificates or other obligations may
be made payable at such time or times, not exceeding
ten years from the date of issue, as may be determined, but
shall not be issued or sold at less than par."    Art. VII, § 8,
as amended, November 6, 1906.    A statute in like words
previously had been passed to be effective if the amend-
ment to the constitution should be adopted as it was.
Laws of 1905, c. 101, § 6.    See Rev. St. 1908, § 2342.    The
defence that we are considering is that the foregoing words
did not warrant making the certificates of indebtedness
negotiable, relying especially upon *Brenham* v. *German
American Bank*, 144 U. S. 173.    But the argument seems
to us to need no extended answer.    The power to issue
certificates of indebtedness or bonds is given in terms and

it is contemplated that these instruments may be sold to raise money for the purpose named. But however narrowly we may construe the power of municipal corporations in this respect, when they are authorized to raise money by the sale of bonds we must take it that they are authorized to put the bonds in the form that would be almost a necessary condition to obtaining a purchaser— the usual form in which municipal bonds are put upon the market. *Gunnison County Commissioners* v. *Rollins*, 173 U. S. 255, 276. What is true about bonds is true about certificates of indebtedness. Indeed it is difficult to see any distinction between the two as they are commonly known to the business world. The essence of each is that they contain a promise under the seal of the corporation, to pay a certain sum to order or to bearer. We are of opinion that the Board of County Commissioners was authorized to issue certificates in the negotiable form. *Carter County* v. *Sinton*, 120 U. S. 517, 525. *Gelpcke* v. *Dubuque*, 1 Wall. 175, 203. *Cadillac* v. *Woonsocket Savings Institution*, 58 Fed. Rep. 935, 937. *Ashley* v. *Board of Supervisors*, 60 Fed. Rep. 55, 67. *D'Esterre* v. *Brooklyn*, 90 Fed. Rep. 586, 590. Dillon, Munic. Corp., 5th Ed., § 882.

*Judgment affirmed.*