### EAST ST. LOUIS COTTON OIL CO. v. SKINNER BROS. MFG. CO.

(Circuit Court of Appeals, Eighth Circuit.   March 8, 1918.)

No. 5001.

1. TRIAL ☞330(4)—VERDICTS—INCONSISTENT VERDICTS.
    Where defendant counterclaimed in an action for material furnished and labor performed, asserting plaintiff's breach of an alleged contract to install a ventilating system for an agreed price, while plaintiff asserted that no contract price had been fixed, a verdict for plaintiff, which also awarded damages to defendant on its counterclaim, is inconsistent with itself, and will support no judgment.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. APPEAL AND ERROR ⊚⪰267(2), 544(3)—REVIEW—ASSIGNMENTS OF ERROR.
    Whether a verdict supports the judgment is a question of law which appears on the face of the record without a bill of exceptions, and that objection may be assigned as a ground of reversal, though no exception is taken.

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action by the Skinner Brothers Manufacturing Company against the East St. Louis Cotton Oil Company, which counterclaimed. There was a judgment for plaintiff, and defendant brings error. Reversed, and new trial granted.

Thomas W. White, of St. Louis, Mo. (S. W. Fordyce, Jr., and J. H. Holliday, both of St. Louis, Mo., and Edward C. Kramer, Rudolph J. Kramer, and Bruce A. Campbell, all of East St. Louis, Ill., on the brief), for plaintiff in error.

John C. Robertson, of St. Louis, Mo., for defendant in error.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

CARLAND, Circuit Judge. Skinner Bros., as plaintiff, sued the Oil Company, as defendant, to recover $4,594.79, upon an account, a copy of which was attached to the complaint. The items of the account consisted of charges for time, labor, and material. The defendant answered the complaint by a general denial and counterclaim. The counterclaim alleged that the plaintiff and defendant on or about February 15, 1916, entered into an agreement whereby plaintiff agreed, for the sum of $1,400, to build, install, and erect at defendant's place of business in a good and workmanlike manner and with reasonable expedition a ventilating system to remove dust from the atmosphere of defendant's building and escaping bran dust from cyclone collectors already constructed. As a part of said agreement defendant agreed to erect a platform of concrete and steel upon which to build the ventilating system, and to furnish the fans and motors to be used in the construction of the same; that defendant erected and built the platform, above mentioned, and plaintiff commenced to erect the dust collector or ventilating system, and worked on same until April 14, 1916, when it declined to work further and abandoned its contract; that the unfinished dust collector was of no value to defendant; that, at the time plaintiff was working upon the dust collector, it was also doing other work for defendant, for which defendant paid the plaintiff from time to time, according to time, labor, and material; that on or about March 1, 1916, plaintiff presented defendant with a statement of account in the amount of $4,291.05, supposed to cover work as last above mentioned; that defendant paid said account, believing that it did cover such work; that defendant subsequently discovered that plaintiff, without the knowledge and consent of defendant, included in said statement charges for time, labor, and material for the construction of the dust collector, amounting to $1,341.60; that no part of the contract price of $1,400 agreed upon for the construction of the dust collector was to be paid until the same was completed,

⊚⪰For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and performed satisfactorily its duty as a dust collector; that by reason of the payment of said sum of $1,341.60, on the dust collector contract, the erection of the concrete platform, supplying, unloading, and erecting fans and motors, erecting the steel work, and taking out said work and material, defendant had been damaged in the sum of $5,000, for which judgment was prayed against the plaintiff.

[1] Plaintiff replied to the counterclaim, alleging that there was no contract to build the dust collector for $1,400, but that plaintiff was employed to erect a ventilating system, called also a dust collector, upon an open account basis and for a reasonable compensation, and that plaintiff refused to complete the ventilating system or dust collector, for the reason that defendant refused to make payment on account. The allegations of the pleadings are not given as they were pleaded, and some are not given at all; the purpose of stating their substance being to illustrate the verdict returned by the jury. The case was tried, and the jury returned the following verdict:

"We, the jury in the above-entitled cause, find the issues herein joined under the petition of plaintiff in favor of said plaintiff, and we find that defendant is indebted to plaintiff by reason of the account stated in said petition in the sum of forty-five hundred and ninety-four and 79/100 ($4,594.79) dollars.

"We further find the issues herein joined under the counterclaim of defendant in favor of said defendant, and we assess the damages of defendant under said counterclaim at the sum of one thousand 00/100 dollars."

The amount found due the plaintiff by the verdict was the exact amount claimed by it in its complaint, and judgment was entered in its favor for this amount, less the $1,000 which the jury found was due the defendant. It appears from the evidence that, of the total amount claimed by the plaintiff in its complaint, $2,370.27 was for material furnished and labor performed in connection with the dust collector. At the trial the principal contest between the parties was as to whether the dust collector or ventilating system was to be constructed under a contract for the sum of $1,400, as the defendant claimed, or whether the work in connection with the same including materials furnished was performed and furnished on an open account basis, for a reasonable compensation as claimed by the plaintiff. The jury, therefore, in returning a verdict for the plaintiff as stated, found that the work performed and materials furnished in the construction of the dust collector was performed and furnished on an open account basis for a reasonable compensation, and thereby also found that there was no special contract as claimed by the defendant. On the other hand, in finding for the defendant on the issues joined under the counterclaim and assessing its damages at the sum of $1,000, the jury necessarily found that there was a special contract as claimed by the defendant, and that plaintiff had breached the same, to the defendant's damage in the sum of $1,000.

It requires no argument to make it plainly appear that the verdict of the jury is so inconsistent that no judgment could be entered upon it. Allen v. Sallinger, 105 N. C. 333, 10 S. E. 1020; Gwin v. Gwin, 5 Idaho, 271, 48 Pac. 295; Mitchell v. Brown, 88 N. C. 156; Mitchell v. Printup, 27 Ga. 469; Ruth v. McPherson, 150 Mo. App. 694, 131 S. W. 474; Barr & Martin v. Johnson et al., 170 Mo. App. 394, 155

S. W. 459; Bauer Engineering & Contracting Co. v. Arctic Ice & Storage Co., 186 Mo. App. 664, 172 S. W. 417; Johnson v. Labarge, 46 Mo. App. 433.

[2] As before stated, the important question litigated by the evidence was whether there was a special contract, and the jury found both ways on that question. It is assigned as error that the verdict is inconsistent with itself and that the trial court erred in entering judgment thereon. The question as to whether the verdict supports the judgment is a question of law, which appears on the face of the record without a bill of exceptions. Such questions may be assigned as ground of reversal, although no exception is taken. Denver v. Holmes Savings Bank, 236 U. S. 101, 35 Sup. Ct. 265, 59 L. Ed. 485; Nalle v. Oyster, 230 U. S. 165, 33 Sup. Ct. 1043, 57 L. Ed. 1439; Snowden v. Ft. Lyon Canal Co., 238 Fed. 495, 151 C. C. A. 431 (8th Cir.).

It results, from what we have said, that the judgment below must be reversed, and a new trial granted; and it is so ordered.