## WELSH v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. June 2, 1920.)

### No. 215.

1. **Criminal law ☞1092(4)—Time for settling bill of exceptions.**
   A District Judge is without authority to sign a bill of exceptions after expiration of the term and any extensions, and after the cause has been removed by writ of error to the Circuit Court of Appeals.

2. **Criminal law ☞1090(1)—Errors appearing on record reviewable without bill of exceptions.**
   Bill of exceptions is not necessary to authorize Circuit Court of Appeals to consider errors appearing on the face of the record.

3. **War ☞15—Construction of Trading with the Enemy Act.**
   Trading with the Enemy Act Oct. 6, 1917, § 3(c), being Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½b(c), defines two separate offenses; First, bringing in or sending out of the United States a letter in any other way than in the regular course of mail; and, second, sending out of the United States in any way a communication intended for an enemy or ally of enemy.

4. **Indictment and information ☞129(1)—Offense and attempt to commit such offense may be charged in separate counts.**
   A complete offense and an attempt to commit the offense may be charged in separate counts, when relating to the same transaction.

5. **Arrest ☞71—Letter as instrument of crime may be seized from person.**
   Where defendant was arrested in commission of a felony by bringing a letter into the United States in violation of Trading with the Enemy Act Oct. 6, 1917, § 3(c), being Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½b(c), it was lawful to seize such letter from his person as an instrument of crime.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Southern District of New York.

Criminal prosecution by the United States against Thomas Welsh. Judgment of conviction, and defendant brings error. Affirmed

See, also, 247 Fed. 239; 250 Fed. 309.

Martin Conboy, of New York City (Edwin N. Moore, of New York City, of counsel), for plaintiff in error.

Francis G. Caffey, U. S. Atty., of New York City (James W. Osborne, Sp. Asst. Atty. Gen., of counsel), for the United States.

Before WARD, HOUGH, and MANTON, Circuit Judges.

WARD, Circuit Judge. The defendant Welsh was convicted of violating section 3, subd. (c), of the Trading with the Enemy Act of October 6, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½b[c]). The indictment contained two counts, the first charging him with willfully attempting to bring into the United States from a foreign country, to wit, England, a certain tangible form of communication, to wit, a certain letter, and the second count charging him with willfully bringing in the same letter. April 5, 1918, the case was tried and the defendant convicted upon both counts and sentenced to imprisonment for a year and a day in the United States penitentiary at Atlanta, Ga.

[1] December 31, 1919, long after the term and all extensions of it had expired, and some 20 months after the cause had been removed by writ of error to this court, the trial judge signed the bill of exceptions. He was without any jurisdiction to do so under these circumstances, and we can consider no exception taken at the trial. Jennings v. Railway Co., 218 U. S. 255, 31 Sup. Ct. 1, 54 L. Ed. 1031.

[2] But the writ of error does permit us to consider any errors appearing on the face of the record, because no exception is necessary to save them. Moline Plow Co. v. Webb, 141 U. S. 616, 623, 12 Sup. Ct. 100, 35 L. Ed. 879; Nalle v. Oyster, 230 U. S. 165, 33 Sup. Ct. 1043, 57 L. Ed. 1439; Denver v. Home Saving Bank, 236 U. S. 101, 35 Sup. Ct. 265, 59 L. Ed. 485.

[3] Section 3, subd. (c), reads:

"It shall be unlawful * * * (c) for any person (other than a person in the service of the United States government or of the government of any nation, except that of an enemy or ally of enemy nation, and other than such persons or classes of persons as may be exempted hereunder by the President or by such person as he may direct), to send, or take out of, or bring into, or attempt to send, or take out of, or bring into the United States, any letter or other writing or tangible form of communication, except in the regular course of the mail; and it shall be unlawful for any person to send, take, or transmit, or attempt to send, take, or transmit out of the United States, any letter or other writing, book, map, plan, or other paper, picture, or any telegram, cablegram, or wireless message, or other form of communication intended for or to be delivered, directly or indirectly, to an enemy or ally of enemy: Provided, however, that any person may send, take, or transmit out of the United States anything herein forbidden if he shall first submit the same to the President, or to such officer as the President may direct, and shall obtain the license or consent of the President, under such rules and regulations, and with such exemptions, as shall be prescribed by the President."

Section 16 (section 3115½hh) reads:

"Whoever shall willfully violate any of the provisions of this act * * * shall, upon conviction be fined not more than $10,000, or, if a natural person, imprisoned for not more than ten years, or both."

December 19, 1917, the defendant demurred to the indictment on the ground that it charged no crime under the act, because it did not allege that the letter in question was "intended for or to be delivered directly or indirectly to an enemy or ally of enemy." Judge Mayer correctly overruled the demurrer, holding that the section covers two offenses: First, the bringing in or sending out of the United States such a letter in any other way than "in the regular course of mail"; and, second, the sending out of the United States in any way a communication intended for an enemy or ally of enemy. The description of each of these offenses is prefaced by the words "It shall be unlawful," indicating that they are distinct. The first covers any letter or tangible communication whatever, and the second only such communications as are intended for an enemy or ally of enemy.

[4] On the same day the defendant moved to quash the indictment on the ground that the counts were inconsistent, because he could not be at the same time guilty of an attempt to bring in and of actually bringing in the letter. But it is proper to charge the complete offense and an attempt to commit the offense in separate counts, when relating to the same transaction. 22 Cyc. 397. The motion was properly denied.

[5] December 27, 1917, the defendant filed a petition for the return of the letter, on the ground that it was seized on his person without any search warrant, in violation of the Fourth and Fifth Amendments of the Constitution. Judge Augustus N. Hand denied the petition. (D. C.) 247 Fed. 239. It showed that defendant was arrested when committing a felony—i. e., an offense punishable by imprisonment for more than one year (section 335 of the Penal Code [1])—and the letter taken was the instrument of crime, the very thing which the act prohibited from being brought into the United States except by mail. It was the right and duty of the government to seize it, just as it would seize burglars' tools found on a defendant's person when arrested.

The judgment is affirmed.

[1] Comp. St. § 10509.