**BOE et al. v. MARVEL EQUIPMENT CO. et al.**

(Circuit Court of Appeals, Sixth Circuit. March 6, 1925.)

No. 4201.

1. **Patents ⊕═328—Reissue 15,427, claims 5, 7, 8, and 9, for attachment for drawing lubricant out of tanks, held not infringed.**

Boe reissue, No. 15,427, claims 5, 7, 8, and 9, for attachment for drawing lubricant out of tanks and discharging it through nozzle into a bearing, differential, or other device, *held* not infringed.

2. **Patents ⊕═165—Claims covering combination of tank and pump held not to include pump mounted on cover of tank.**

Claims of original and reissue patent, which distinguished between walls and cover of tank, and specifically covered combination of tank and pump arranged outside walls and adjacent thereto, did not include arrangement of pump mounted on cover.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Patent infringement suit by Hans M. Boe and another against the Marvel Equipment Company and another. Decree for defendants, and plaintiffs appeal. Affirmed.

John F. Oberlin, of Cleveland, Ohio (Fay, Oberlin & Fay and John F. Oberlin, all of Cleveland, Ohio, on the brief), for appellants.

Percy H. Moore, of Washington, D. C. (Percy H. Moore, of Washington, D. C., on the brief), for appellees.

Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

DONAHUE, Circuit Judge. This appeal involves the question of the validity, and if valid the infringement, of claims 5, 7, 8, and

4 F.(2d)—13

9 of United States reissue letters patent No. 15,427, to Hans M. Boe. The object of the claimed invention is to provide an attachment for a grease or oil tank or container by means of which lubricants can be drawn out of a tank and discharged through a suitable nozzle into a bearing, differential, or any other device where the lubricating material is needed. The record also presents the further question of intervening rights acquired by the appellees prior to the date of the application for the reissued patent. The District Court found noninfringement and dismissed the bill of complaint.[1]

The essential facts in this case are not seriously disputed. The original patent No. 1,369,517, issued to Boe, February 22, 1921, upon application filed March 12, 1919, differs from the reissued patent in that the claims in suit have been added to the reissued patent. In the original patent the claims were limited to a combination including a hollow guide forming a vertical continuation of the pump barrel and having its upper end rigidly mounted in the top or cover of the oil or grease container and on one side of which is provided, for that purpose, a projecting bracket having a vertical socket. This hollow guide projecting vertically above the pump barrel is also intended as a convenient handle for moving the tank from place to place. The purpose of the reissued patent was to broaden by additional claims the scope of the patent by removing the limitation that the tubular or hollow guide must have "either a bearing at its upper end on the tank," or "that its upper end must be rigidly mounted in the top of said tank," or "secure in the cover of said tank," so that the Boe pump attachment, instead of having the special tank as illustrated in the patent in suit, might be attached to the metal drums or containers in which the oil companies regularly supply these products to the trade. This would include the placing of this pump on what is called in the patent, the "top or cover" part of the container, instead of on its side wall and adjacent thereto. It is claimed on behalf of the appellants that this adaptation of the Boe pump to these commercial containers comes clearly within the description and the claims of the patent.

Evidence was introduced on the part of the defendant tending to prove that the Cuy-

_____

[1] The Tokheim Oil Tank & Pump Company is the licensee of Boe, and at the time this suit was brought the Republic Steel Company was the selling agent for the Marvel Equipment Company, but is no longer acting in that capacity.

ahoga Parts Company, later the Marvel Equipment Company, early in 1920, commenced the manufacture of a pump designed by Bellar and Spaeth; that on October 17, 1920, patent No. 1,432,658, covering this structure, was issued to Charles A. Bellar on application filed August 6, 1920; that defendant continued to manufacture and is still manufacturing this pump, which is now claimed to be an infringement of the additional claims of the reissued patent; that the defendant's business in the manufacture of these pumps in accordance with the Bellar design and patent developed very rapidly; that early in 1921 they sold a great many of these pumps to the Tidewater Oil Company; that in September of 1921, Mr. Hess, representing the Tidewater Oil Company, proposed to the Marvel Company certain methods by which it could cheapen its product and materially lower the cost of production, but the Marvel Company declined to accept these suggestions; that Hess then took the matter up with the Tokheim Oil Tank & Pump Company, which company used the design of the Bellar patent then being manufactured by the Marvel Company as the basis of the Hess idea and incorporated therein the elements of cheapness suggested by Hess, representing the Tidewater Company, to the defendant; that thereafter the Tokheim Oil Company manufactured these pumps for the Tidewater Company according to the design and plan submitted by Mr. Hess. It further appears from evidence introduced by the plaintiff that shortly thereafter the Tokheim Company was advised by its solicitor that it was infringing the original Boe patent, and thereupon that company obtained from Boe an exclusive license, except limited shop rights reserved by Boe, to manufacture pumps under his original patents; that shortly thereafter the Tokheim Company discovered it was not infringing the original claims of the Boe patent and then procured Boe to file his application for the reissued patent, which it is now claimed so broadened the patent as to bring the Tokheim structure and the defendant's structure within the additional claims of the patent in suit.

[1] With this contention we cannot agree. Both patents cover a combination of parts that are old in the art. The claim is made on behalf of the plaintiffs that it is the arrangement or combination of the elements of the Boe pump, "coupled with a particular feature of construction characterizing the latter and peculiarly adapting the same for use in such arrangement, that constitutes the invention of the patent." It is further claimed that "the particular feature in question is the inclusion, as a part of the pump structure, of a hollow upward extension that serves as an inclosure and guide for the reciprocable plunger rod of the pump and at the same time serves as a convenient handle." Both the original and the reissued patent contemplate a special tank container having a leg and two castor supports on which the tank is moved from place to place. In such a combination, the convenient handle afforded by the hollow upward extension that serves as an inclosure and guide for the piston rod might have some novelty and utility, in moving the specially constructed tank of the Boe patent from place to place as therein claimed; but the evidence is practically conclusive that when the Boe pump is attached to the top or cover of a stationary commercial tank, it has neither. So far as utility is concerned, the "convenient handle" cannot be utilized for the purpose of moving the tank from place to place as specified in the patent. The evidence of Boe that, where the pump is used on top of the container, the handle becomes almost indispensable because the operator needs that as a hand grip in operating the pump to steady himself, is evidently an afterthought and clearly inconsistent and in conflict with other evidence in this record in reference to the practicable operation of a pump of this character by one man who, in so far as shown by the specifications and the drawings of the patent in suit, must use one hand to operate the tank and the other to hold and guide the nozzle or, if a stationary nozzle is provided, then to hold the receiving vessel.

In so far as any broad novelty of this upward extension of the Boe pump is concerned, it is clearly anticipated by Haines 858,919. It is said, however, that Haines does not utilize this inclosure as a guide; neither does the defendant. It is further said that the Haines tubular extension cannot possibly serve as a hand grip because it is not intended or designed to be arranged outside the walls of a tank and adjacent thereto, and that the size of the pump and of the tubular extension precludes any use being made of the latter as a hand grip. No reason appears, however, why the Haines pump cannot be mounted upon the container, and certainly a Haines pump may be manufactured under the protection of the Haines patent of any size desired to accomplish the use for which it is intended. While it is clear that Haines did not contemplate the use of this tubular extension by the operator as a hand grip by which to steady himself in the operation of the pump, it is equal-

ly clear that Boe did not contemplate any such use and if Haines, in a pump of the proper size for this purpose, affords such utility, Boe is in no position to claim priority. Some objection is made in reference to the Haines pump offered in evidence and which was secured only six months prior to the trial. We do not consider this exhibit as at all important. Our conclusion is based entirely upon the Haines patent and not upon the exhibit.

[2] In the application for the original, and in the application for the reissued patent, the sides of the tank or container are designated as the wall, and the top part, the cover. The claims in suit are for the combination of a tank adapted to contain a lubricant and a pump arranged outside the walls of said tank and adjacent thereto. The inventor having so specifically designated the respective parts of the tank and their relation to other elements in the proposed combination, he cannot now consistently claim that such a specific description and arrangement of a pump outside the walls of the tank and adjacent thereto includes an arrangement of a pump mounted on the cover of the tank and not adjacent to the wall. The claim that the top of the tank is also a wall of the tank would be rather a strained construction under any circumstances; but, when the inventor himself has so specifically distinguished between walls and cover, such construction is not possible. Arnold-Craeger Co. v. Barkwill Brick Co. et al., 246 F. 441, 445, 158 C. C. A. 505; D'Arcy Spring Co. et al. v. Marshall Ventilated Mattress Co., 259 F. 236, 240, 170 C. C. A. 304.

For the reasons stated, this court is of the opinion that the appellees' structure does not infringe the claims in suit. It is therefore unnecessary to determine the legality of the reissued patent or whether these additional claims, limited to the specifications and drawings of the patent, are valid. It is also unnecessary to discuss or determine the question of intervening rights.

The decree of the District Court is affirmed.