## AMERICAN NAT. RED CROSS v. RAVEN HONEY DEW MILLS.
### No. 10045.

Circuit Court of Appeals, Eighth Circuit.
Nov. 26, 1934.

Wymer Dressler, of Omaha, Neb. (Robert D. Neely, Charles E. Sandall, and Ambrose C. Epperson, all of Omaha, Neb., Davis, McLaughlin & Hise, of Des Moines, Iowa, and H. J. Hughes, of Washington, D. C., on the brief), for appellant.

William J. Hotz, of Omaha, Neb. (Robert H. Hotz, of Omaha, Neb., on the brief), for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

WOODROUGH, Circuit Judge.

This is an appeal from a judgment for $4,886.57 rendered upon a jury verdict in favor of the Raven Honey Dew Mills against the American National Red Cross on the trial of an action to recover the value of certain sacks or bags sold and delivered. The parties will be designated as in the court below.

The plaintiff entered into negotiations with an agency of the American Red Cross styled the "Central Wheat Distribution Office," which resulted in the execution of three written contracts under which the plaintiff undertook to process for the defendant for feed purposes limited quantities of wheat to be supplied by the defendant. The alleged agreements between the parties were written upon certain printed forms and in language, tenor, and effect were identical except that the quantity of wheat to be processed and the prices to be paid were different in each instrument. That part of the first contract dated March 25, 1932, which sets forth the terms and conditions is as follows:

"10,000 bushels Cracked Wheat for feed, no product is to be added and no product to be taken away, which we will supply you from Omaha elevator. Crushed wheat to be sacked 100 pounds net weight per sack, you to furnish sacks, (good second hand sacks) and ship in accordance with instructions which we will furnish you. Charges for unloading at your mill, crushing, sacking in sacks, and reloading in cars for shipment to be 10c per 100 pounds. The American Red Cross to take care of out of elevator charges, you to pay all inbound and outbound transportation which cannot be absorbed. The American Red Cross to pay you in wheat for conversion, transportation, sacks; no other charges may be involved.

"Under the terms of the act making wheat available it is provided that at each deliv-

ery of wheat to the Red Cross the value of the wheat thus delivered will be determined as a basis of the credit to be allowed the grain stabilization corporation. The value thus determined shall be the value at which you shall take the wheat in payment of the orders filled.

"Shipments of cracked wheat from your mill to be made at the rate of not less than three cars per day.

"At the completion of the job please render your invoice in duplicate for the conversion costs as one item and the transportation as another, supported by the proper prepaid freight bill, upon receipt of which we will arrange the payment due you.

"This confirms our verbal conversation this morning with your Mr. Simpson and your letter of March 23rd."

On the back of each printed form appeared the following:

"The mill in accepting this order for flour has by its signature agreed to the following terms and conditions:

"3. Flour shall be packed in sacks of the kind and sizes indicated by this purchase order. The standard Red Cross brand will be used unless otherwise directed. Bags will be paid for by the mill and invoiced at cost to the Red Cross, such charge not to be in excess of current bag values. * * *"

The second contract called for 59,667 bushels to be processed at the rate of 9½ cents per cwt.; and the third contract called for 122,516 bushels of wheat to be processed at $1.90 per ton.

The plaintiff fulfilled these contracts and processed and delivered to the defendant all the wheat allotted to and processed by it. The defendant paid for the processing and transportation of the wheat, but refused to pay the value of the second-hand bags used in sacking the crushed wheat. The plaintiff claimed that it was also entitled by the terms of the contract to receive the current bag values, and brought this action to recover the same.

It was alleged in the petition that the contracts were in writing and the three instruments were set forth in words and figures as constituting the agreement of the parties, and judgment was prayed for the value of the sacks. The answer was a general denial. On the trial before a jury the court admitted evidence of oral negotiations between the parties preliminary to the execution of the three contracts as bearing on the interpretation to be given the language of the written instruments and oral evidence as to the value of

the sacks was also received. On rebuttal the plaintiff was permitted to introduce, over the objection of defendant, the copies of certain orders of the defendant with the International Milling Company, of Sioux City, Iowa, in which the cost of processing was exclusive of the value of sacks.

No motion for directed verdict was made by either party and no exception was preserved to any of the instructions of the trial court. Upon return of a verdict in favor of plaintiff the defendant filed a motion for judgment notwithstanding the verdict. The plaintiff has filed a remittitur of $21.03 representing an excessive allowance for interest, and the defendant appeals from the judgment against it, presenting the following assignments of error:

1. That the judgment of the District Court is not sustained by the allegations of the petition.

2. That the petition on its face does not state a cause of action in that the contracts are unambiguous and do not provide for extra compensation for sacks.

3. That the court erred in overruling the motion of the defendant to strike certain oral evidence of the negotiations of the parties preliminary to the written contracts.

4. That the court erred in admitting over the objection of the defendant certain oral evidence of the value of the sacks.

5. That the court erred in admitting the copies of certain orders or contracts entered into between the American Red Cross and the International Milling Company.

6. That the court erred in denying defendant's motion for judgment notwithstanding the verdict.

The judgment appealed from was entered January 27, 1934, and motion for new trial was overruled February 26, 1934, during the regular term of the District Court beginning in September, 1933, and expiring in April, 1934 (28 USCA § 173). No bill of exceptions was signed and allowed during the judgment term or any valid extension thereof. However, on April 24th an appeal was allowed and on May 24th a so-called statement of the evidence was lodged with the court and approved by it on June 9, 1934.

It is well settled that at the end of the judgment term and any valid extension thereof, the court loses jurisdiction to settle and sign a bill of exceptions. Ritter v. Gulf, C. & S. F. Ry. Co. (C. C. A. 8) 56 F.(2d) 369; Great Northern Life Ins. Co. v. Dixon (C.

C. A. 8) 22 F.(2d) 655; Farmers' Union Grain Co. v. Hallett & Carey Co. (C. C. A. 8) 21 F.(2d) 42; Denver Live Stock Commission Co. v. Lee (C. C. A. 8) 18.F.(2d) 11; Davis v. United States (C. C. A. 10) 67 F.(2d) 737. The so-called statement of the evidence does not present anything for review.

■■ In the absence of a bill of exceptions, that which we may consider on appeal is limited to the pleadings, process, verdict, and judgment. Therefore, the third, fourth, and fifth assignments of error based on alleged errors of law occurring during the trial of the action do not present any question for review. Brown Sheet Iron & Steel Co. v. Maple Leaf Oil & R. Co. (C. C. A. 8) 68 F.(2d) 787; Harris v. United States (C. C. A. 4) 70 F.(2d) 897; Bisbee Linseed Co. v. Paragon Paint & Varnish Corp. (C. C. A. 2) 66 F.(2d) 595; Barton v. Automobile Ins. Co. (C. C. A. 1) 63 F.(2d) 631; Reilly v. Beekman (C. C. A. 2) 24 F.(2d) 791; Board of County Com'rs of City and County of Denver v. Home Savings Bank, 236 U. S. 101, 35 S. Ct. 265, 59 L. Ed. 485; United States v. La Franca, 282 U. S. 568, 51 S. Ct. 278, 75 L. Ed. 551. Under such a record all intendments are to be indulged in support of the judgment, and, if the judgment is sustained by the pleadings, it should be affirmed. Brown Sheet Iron & Steel Co. v. Maple Leaf Oil & R. Co., supra.

■■ It is not disputed that the contracts were fully executed, and, if the instruments are clear and unambiguous and if they, by their express terms, exclude any obligation on the part of defendant to pay for the sacks that were used, then the pleadings do not support the judgment. If, however, there is any ambiguity in the writings on that phase of the contract, parol evidence could properly be admitted, not to modify or change the contracts, but to interpret the real intention of the parties as evidenced by the writing. The introduction of such evidence might well present a question of fact for the jury. S. H. Kress & Co. v. Fisher (C. C. A. 4) 65 F.(2d) 682; Ries v. Dodson (C. C. A. 3) 46 F.(2d) 68; Pipe & Tube Bending Corp. v. Cornine-Hakanson Die-Casting Co. (C. C. A. 3) 27 F.(2d) 32; Canadian Nat. R. Co. v. George M. Jones Co. (C. C. A. 6) 27 F.(2d) 240. We are precluded from reviewing the verdict of the jury upon an issue of fact, because in the absence of a bill of exceptions we must presume that the verdict and judgment are sustained by substantial evidence. Brown Sheet Iron & Steel Co. v. Maple Leaf Oil & R. Co., supra.

The provisions of these contracts relating to sacks may be isolated and grouped as follows:

"Crushed wheat to be sacked 100 pounds net weight per sack, you to furnish sacks, (good second hand sacks). * * *"

"Charges for unloading at your mill, crushing, sacking in sacks, and reloading in cars for shipment to be —— per 100 pounds."

"The American Red Cross to pay you in wheat for conversion, transportation, sacks; no other charges may be involved."

On the face of the printed form on which the agreement was typed appeared the following:

"Please ship immediately to the address given above the following in accordance with the terms and conditions set forth on reverse side hereof. * * *"

On the reverse side of each contract, this appeared:

"The mill in accepting this order for flour has by its signature agreed to the following terms and conditions:

"3. Flour shall be packed in sacks of the kind and sizes indicated by this purchase order. * * * Bags will be paid for by the mill and invoiced at cost to the Red Cross, such charge not to be in excess of current bag values. * * *"

■■ These orders, given on forms of the Central Wheat Distribution Office, an agency of the defendant, by express provision bind the parties to the printed portions on the front and the reverse sides so far as applicable to the subject-matter of the contract. As appears from the provisions of the instruments set out above, the language applicable to the matter of paying for the sacks, "you to furnish sacks"; "the American Red Cross to pay you in wheat for * * * sacks"; "bags will be * * * invoiced at cost to the Red Cross," was so far ambiguous as to properly present a subject for extrinsic evidence explanatory of the intention of the parties. In the absence of a bill of exceptions properly presenting all the evidence and rulings of the court, it cannot be said that the agreement of these parties is so clear and free from doubt that the court should say, as a matter of law, that a recovery for extra compensation for sacks was precluded by the pleadings.

Without further analysis, the pleadings are sufficient, at least after judgment, to sustain the judgment.

Affirmed.