# UNITED STATES v. LA SHAGWAY.

## No. 8677.

Circuit Court of Appeals, Ninth Circuit.

Feb. 21, 1938.

E. P. Carville, U. S. Atty., of Reno, Nev., and Thomas O. Craven, Asst. U. S. Atty., of Carson City, Nev.

Richard S. Flaherty, of Oakland, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

On May 8, 1937 the appellee, upon a plea of guilty to a charge of presenting a fraudulent claim against the Government, was sentenced to imprisonment for the period of one year and was ordered committed to the custody of the Attorney General. In the judgment the court retained "jurisdiction during the term, to consider any modification of the sentence imposed upon you, and also to consider probation." A formal commitment order was delivered to the marshal on the same day. The return shows execution of the writ on May 20, 1937, by the delivery of the appellee to a federal prison camp at Tucson, Arizona. On June 7, 1937, the District Court made the following order:

"The above named Defendant on May 8, 1937, having entered a plea of guilty to the charge in the indictment returned against him and thereupon the Court imposed sentence that he be imprisoned for the period of one year from and after the date of sentence, subject to the reservation that the Court retains jurisdiction during the term to consider any modification of the sentence so imposed and also to consider probation, now upon good cause shown it is ordered that said defendant be, and he hereby is, granted release on probation for the remainder of the term of sentence so imposed from and after June 14, 1937, such probation, subject to the further order of the Court, to be for the remaining term of sentence and for one year thereafter, said Defendant on release to report forthwith to the Probation Officer of this District."

Within three months, as prescribed by 28 U.S.C.A. § 230, the United States appealed from the probation order.[1] It is the contention of the Government that the District Court lacked power to place the convict on probation after he had commenced the service of the sentence imposed.

Motion has been made to dismiss the appeal for lack of jurisdiction. Unless the order appealed from is a final decision, it is not reviewable by appeal. 28 U.S.C.A. § 225. The question is not free from doubt. In United States v. Albrecht, 25 F.2d 93, 94, the Court of Appeals for the Seventh Circuit was faced with the same question and disposed of it by saying that the cases of United States v. Murray, Cook v. United States, 275 U.S. 347, 48 S.Ct. 146, 149, 72 L.Ed. 309, "were each brought to the Circuit Courts of Appeals on writ of error at the instance of the United States, and from these courts to the Supreme Court, and each of these courts assumed jurisdiction and adjudicated the questions involved." In both of those cases the review undertaken was of an order substantially identical with that made here. It should be further pointed out that the proceeding for placing convicts on probation is one had under authority of a special statute. 18 U.S.C.A. § 724. An application for probation is not directed toward the final judgment of conviction (see Bensen v. United States, 93 F.2d 749, decided by this court December 31, 1937), but is in the nature of an independent proceeding. The order releasing the defendant on probation is a final decision terminating that proceeding. We conclude that such order is appealable.

The statute, under assumed authority of which the order appealed from was made, grants to the courts of the United States having original jurisdiction of criminal actions the power, "after conviction or after a plea of guilty or nolo contendere, * * * to suspend the imposition or execution of sentence and to place the defendant upon probation." 18 U.S.C.A. § 724.[2] In the absence of the statute the federal courts had no such authority. Ex parte United States, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129, L.R.A.1917E, 1178, Ann.Cas. 1917B, 355. In United States v. Murray, Cook v. United States, supra, it was held that the above-quoted words "mean to suspend the imposition of sentence, or to sus-

---

[1] The situation is not governed by the Criminal Appeals Rules, 28 U.S.C.A. following section 723a, these rules having no application to appeals by the United States.

[2] For an expression of the views of the trial court, see United States v. Wittmeyer, D.C., 16 F.Supp. 1000.

pend the execution of sentence, and that the placing of defendant upon probation is to follow the suspension of the imposition, or the suspension of the execution of sentence, without an interval of any part of the execution." In those cases probation had been granted after the defendants had begun to serve their sentences. It was held that the District Court had no such power of probation, that power having passed immediately after imprisonment began. The only distinction to be made between these cases and the one at bar is that in the latter the District Court attempted to reserve in the judgment itself jurisdiction to consider probation. It is a distinction without a difference. The court could not by reservation in the judgment confer upon itself power which under the statute it did not possess. The attempt here was not to modify the sentence by amendment of it within the term, United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354, but was an exercise of authority assumed to be given in the probation act.

■ Appellee contends that there should be an affirmance upon the ground that the judgment roll does not disclose that execution of the sentence ever began, there being no bill of exceptions making any such disclosure or showing. However, the commitment is an integral part of the judgment and is contained in it. Indeed, the order appealed from itself discloses that the appellee was serving his prison sentence at the time of probation. Want of jurisdiction is apparent on the face of the record. Board of County Commissioners of Denver v. Home Sav. Bank, 236 U.S. 101, 35 S.Ct. 265, 59 L.Ed. 485.

The probation order is reversed.