**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2372
_____

IVY JO ECKMAN; ADRIAN SANCHEZ;
ALTHEA SANCHEZ

v.

LANCASTER CITY; C. LUCIANO, POLICE OFFICER;
JOSEPH GRAZCYK, POLICE OFFICER;
JAMES FATTA, POLICE OFFICER;
DAMON GREATHOUSE, POLICE OFFICER

Ivy Jo Eckman,
                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 08-cv-05454)
District Judge:  Honorable James Knoll Gardner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 1, 2013
Before:  SLOVITER, GREENAWAY, JR., and BARRY, Circuit Judges

(Opinion filed:  March 19, 2013)
_____

OPINION
_____

PER CURIAM

1

Ivy Jo Eckman appeals the District Court's order granting certain Appellees' motion for summary judgment and the jury's verdict in another Appellee's favor. For the reasons below, we will affirm the District Court's judgment.

Because we write primarily for the parties, we will limit our discussion to the facts that are helpful to our discussion. In April 2004, Eckman put her car in storage because she could no longer make the loan payments. Eckman failed to pay storage fees for her car, and it was sold at auction in February 2005 and titled and registered to the new owner. In April 2005, she went to the storage facility, and her friend drove the car away. In May 2005, Eckman was arrested and charged with theft by unlawful taking and receiving stolen property. Eckman contested whether the auction of the car was proper. A plea agreement was discussed in which Eckman would reveal the location of the vehicle and the charges would be dropped. However, Eckman refused because she wanted charges dropped against others involved in the matter. When the plea agreement failed, Eckman was arrested again in July 2005. The charges against her were eventually dismissed.

Represented by counsel, Eckman filed a civil rights complaint alleging false arrest, failure to investigate, and malicious prosecution. Appellees filed for summary judgment. The District Court granted summary judgment on all claims except Eckman's claims against Appellee Greathouse regarding her arrest in July 2005. After a trial, a jury found in favor of Greathouse. Eckman filed a pro se notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

2

In her brief, Eckman states only, without elaboration, that her attorney did not represent her sufficiently. However, an attorney's poor performance is not a ground for vacating the District Court's judgment. See Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962); Nelson v. Boeing Co., 446 F.3d 1118, 1119 (10th Cir. 2006).

Eckman states that she cannot afford to order the trial transcripts for the four-day trial. Transcripts may be provided at government expense to indigent appellants, "if the trial judge or a circuit judge certifies that the appeal is not frivolous," but instead presents a substantial question of fact or law. 28 U.S.C. § 753(f). In addition, courts should also determine whether the appellant has demonstrated a particular need for the transcript on appeal. Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985). The appellant should bring to the court's attention any facts that might require a close examination of the transcript. Id. Eckman has not described any particular need for the transcript or explained what parts of the trial or rulings of the District Court she is seeking to challenge. "An indigent [litigant] is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963). Moreover, in her notice of appeal, Eckman indicated that she was also appealing the District Court's order granting Appellees' motion for summary judgment. Although Eckman did not need the trial transcripts to challenge that order, she does not explain why she believes the order was wrong.

For the above reasons, we will affirm the District Court's judgment.

3